# EXHIBIT
# A

Filing # 36334834 E-Filed 01/08/2016 02:28:39 PM

JD0504
2-9-2016
2:58 pm

IN THE CIRCUIT COURT, NINETEENTH
JUDICIAL CIRCUIT, IN AND FOR
ST. LUCIE COUNTY, FLORIDA

CASE NO.
DIVISION:    **562016CA000029 (OC)**

JUDGE CROOM

VIOLA BRYANT, as Personal
Representative of the Estate of
GREGORY VAUGHN HILL, JR.,

         Plaintiff,

vs.

SHERIFF KEN MASCARA In his official
Capacity as Sheriff of St. Lucie County,
and CHRISTOPHER NEWMAN,
an individual,

         Defendants.

_____

## SUMMONS

**THE STATE OF FLORIDA:**

To All and Singular the Sheriffs of said State:

    **YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Complaint, In this action on Defendant:

    **SHERIFF KEN MASCARA, In his capacity as Sheriff of St. Lucie County
c/o St. Lucie County Sheriff's Office
4700 West Midway Road
Fort Pierce, FL 34981**

    Each Defendant Is required to serve written defenses to the Complaint on JOHN M. PHILLIPS, attorney, whose address is 4230 ORTEGA BOULEVARD, JACKSONVILLE, FLORIDA 32210, within twenty (20) days after service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded In the Complaint or petition.

**WITNESS** my hand and the Seal of said Court this $\underline{8}$ day of January, 2016.



**JOSEPH E. SMITH**
As Clerk of said Court

By *Sybil McDonald*

Deputy Clerk

### IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed I you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are no other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

### IMPORTANTE

_ Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contester la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defense, debe presenter su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudieses perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legals. Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, deberea usted enviar por correao o

entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney." (Demandate o Abogado del Demanadante).

## IMPORTANT

Des poursuites juficiares ont ete enterprises contre vous. Yous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pour vous proteger; vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous resquez de perdue la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal. Il y a d'autres obligations juridiques et vous  pouvez requerir les services immeidats d'un avocet. Si vous ne connaissez pas d'avacat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expediter une copie au carbone ou une photocopie de votre reponse ecrite an "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

**Law Office of John M. Phillips, LLC**
**JOHN M. PHILLIPS, ESQUIRE**
**T.C. ROBERTS, ESQUIRE**
**4230 Ortega Boulevard**
**Jacksonville, FL 32210**
**(904) 444-4444**
**jphillips@floridajustice.com**
**dmalone@floridajustice.com**
**tc@floridajustice.com**
**brent@floridajustice.com**

Filing # 36334834 E-Filed 01/08/2016 02:28:39 PM

IN THE CIRCUIT COURT, NINETEENTH
JUDICIAL CIRCUIT, IN AND FOR
ST. LUCIE COUNTY, FLORIDA

CASE NO.: 56 2016 CA 0000 29 (OC)
DIVISION: JUDGE CRoom

VIOLA BRYANT, as Personal
Representative of the Estate of
GREGORY VAUGHN HILL, JR.

      Plaintiff,

v.

SHERIFF KEN MASCARA in his official
capacity as Sheriff of St. Lucie County,
and CHRISTOPHER NEWMAN,
an individual,

      Defendants.

_____/

### COMPLAINT FOR WRONGFUL DEATH

COMES NOW the Plaintiff, VIOLA BRYANT, as Personal
Representative of the Estate of GREGORY VAUGHN HILL, hereinafter "HILL,"
by and through the undersigned counsel, and files this Complaint against
the Defendants, SHERIFF KEN MASCARA, and Deputy CHRISTOPHER
NEWMAN, individually, and state as follows:

1.    This is an action for damages in excess of fifteen thousand
dollars ($15,000.00), exclusive of interest, costs, and attorneys' fees.

2.    At all times material, Plaintiff, VIOLA BRYANT, was the natural
mother of GREGORY VAUGHN HILL, JR, deceased, and has been
appointed as the duly authorized Personal Representative of the Estate of
GREGORY VAUGHN HILL, JR. by Judge Janet Croom of the Circuit Court

for St. Lucie County, Florida. A copy of the Letters of Administration is attached hereto as Exhibit "A."

3.      The living HILL was an unmarried adult residing in St. Lucie County, Florida and maintaining the residence located at 1501 Avenue Q, Fort Pierce, FL 34950.   The following are the beneficiaries and their relationship to HILL as set forth by the Florida Wrongful Death Act:

a)      D.H., decedent's minor child, c/o Terrica Davis, her mother;

b)      A. H., decedent's minor child, c/o Terrica Davis, her mother;

c)      G.H., decedent's minor child c/o Melody Wright, his mother.

4.      Prior to the filing of this Complaint, Plaintiff served notice of this claim pursuant to Florida Statute Section 768.28, via Certified Mail Return Receipt Requested, and those claims have been denied or ignored.

5.      All conditions precedent to filing this Complaint have occurred.

6.      At all times material, the Plaintiff, VIOLA BRYANT was a resident of Fort Pierce, St. Lucie County, Florida.

7.      At all times material, Defendant MASCARA employed Defendant CHRISTOPHER NEWMAN in his capacity as a law enforcement officer with the St. Lucie County Sheriff's Office.

8.      Defendant KEN MASCARA (hereinafter referred to as "MASCARA"), is a resident of St. Lucie County, Florida and is *sui juris*. At all

2

times material, Defendant MASCARA was the Sheriff for St. Lucie County, Florida. Defendant MASCARA is sued herein in his official capacity as the Sheriff for St. Lucie County, Florida.

9. Defendant CHRISTOPHER NEWMAN (hereinafter referred to as "NEWMAN"), is believed to be a resident of St. Lucie County, Florida and is *sui juris*. At all times material, Defendant NEWMAN was employed by the St. Lucie County Sheriff's Office as a law enforcement officer and is sued herein in his individual capacity.

10. At all times material, Defendant NEWMAN was acting within the scope and course of his employment with Defendant MASCARA, and the St. Lucie County Sheriff's Office.

**GENERAL ALLEGATIONS**

11. On or about January 14, 2014, at 3:00 p.m., Defendant NEWMAN and Deputy Edward Lopez arrived at HILL's residence located at 1501 Avenue Q, Fort Pierce, St. Lucie County, Florida in response to a noise complaint for loud music emanating from the garage of the residence.

12. Unauthorized loud music is potentially a violation of Fort Pierce Municipal Code with a maximum penalty of a $500.00 fine and/or or up to 60 days in jail ONLY after a warning is issued for the first complaint and a civil citation is issued after the second complaint.

3

13.     At said place and said time, Defendant NEWMAN knocked on the front and garage doors of the residence in an attempt to speak with the person responsible for the loud music.

14.     After NEWMAN knocked on the doors, the garage door opened revealing HILL within the comfort of his own garage and home.

15.     Upon information and belief, Deputy Lopez indicated loudly that HILL had a gun and then the garage door closed.

16.     Despite the door being closed, NEWMAN fired his handgun approximately four times and killed HILL.

17.     After the shooting, HILL's body was found face down within the garage with an unloaded handgun in his back pants pocket.

18.     At no time did HILL raise his firearm or threaten to shoot or otherwise pose a threat to Deputies NEWMAN or Edward Lopez or any other person.

19.     In fact, HILL was shot through the closed garage door and one bullet struck his head at HILL's standing height while HILL was fully within his home.

20.     Deputy Edward Lopez did not discharge his weapon during the incident.

21.     After HILL was shot, St. Lucie County Sheriff's Office dispatched a SWAT team and many personnel who fired tear gas into the HILL home in an effort to subdue an already deceased HILL.

4

22.    St. Lucie County Sheriff's Office effectively and needlessly employed excessive force to subdue HILL and also effectively destroyed his home.

### COUNT I
### CLAIM PURSUANT TO 42 U.S.C. § 1983
### MUNICIPAL LIABILITY

Plaintiff adopts and re-alleges Paragraphs 1 through 22 as if set forth fully herein, and further alleges as follows:

23.    This claim is brought pursuant to 42 U.S.C. § 1983 for violation of HILL's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

24.    At all times material, Defendant MASCARA was Sheriff of St. Lucie County and therefore supervisor to all law enforcement personnel employed by the St. Lucie County Sherriff's Office.  Defendant MASCARA is a person within the meaning of 42 U.S.C. § 1983.

25.    Defendant MASCARA as the Sheriff of St. Lucie County, is liable because of his policy and custom of encouraging, tolerating, permitting, and ratifying the use of improper and excessive deadly force by law enforcement under his supervision of which he knew or should have known.

26.    Defendant MASCARA as the Sheriff of St. Lucie County, has routinely ignored violations of the Fourth and Fourteenth Amendments by

5

his subordinates, such that he has established a custom within the St. Lucie County Sherriff's Office.

27.     Defendant MASCARA, as the Sheriff of St. Lucie County, evidenced deliberate indifference by failing to respond to a need for oversight and discipline in instances of Fourth and Fourteenth Amendment violations in such a manner as to encourage his subordinates to continue engaging in constitutional violations.

28.     Defendant MASCARA, as the Sheriff of St. Lucie County, failed to discipline or prosecute known instances of wrongful and excessive use of force by officers under his direction and employ.

29.     Defendant MASCARA, as the Sheriff of St. Lucie County, refused to adequately investigate complaints of previous incidents of wrongful and excessive use of force by officers under his direction and employ, and instead caused law enforcement personnel to believe such conduct is permissible.

30.     Defendant MASCARA, as the Sheriff of St. Lucie County, established and maintained a system of review of complaints of excessive use of force by St. Lucie County Sherriff's Office law enforcement personnel and employees, which has failed to identify constitutional violations by those officers and employees and subject the offending employees and law enforcement personnel to discipline, close supervision, or restraining. The failure was so pervasive as to become the *de facto*

6

policy and custom of Defendant MASCARA, as the Sheriff of St. Lucie County, to tolerate the use of excessive force by law enforcement personnel under his direction and employ.

31.    The foregoing acts, omissions, and systematic deficiencies are policies and customs of Defendant MASCARA, as the Sheriff of St. Lucie County, and caused officers and employees under the employ and direction of Defendant MASCARA to be unaware or alternatively unconcerned with the rules and laws governing permissible use of force and to believe such use of force is entirely within the discretion of the deputies and employees.    Further, such use of force would not be honestly and properly investigated, all with the foreseeable result that officers and employees are more likely to use excessive force in situations where such force is neither necessary nor reasonable nor legal.

32.    As a direct and proximate result of the aforementioned acts and/or omissions on the part of Defendant MASCARA, HILL was caused to become deceased.

WHEREFORE, Plaintiff VIOLA BRYANT demands judgment for damages, including compensatory damages, loss of net accumulations to the Estate, all costs, interest and reasonable attorney's fees provided under the applicable law, against Defendant KEN MASCARA as the Sheriff of St. Lucie County, and any other such relief this Honorable Court deems reasonable and just.

## COUNT II
## CLAIM AGAINST CHRISTOPHER NEWMAN PURSUANT TO 42 U.S.C. § 1983

Plaintiff adopts and re-alleges Paragraphs 1 through 22 as if set forth fully herein, and further allege as follows:

33.    The actions of Defendant NEWMAN, including the excessive use of force and battery of HILL violated clearly established law, and violated the Constitutional rights of HILL including his rights under the Fourth and Fourteenth Amendments to the United States Constitution, through the wrongful acts of using deadly force against HILL and intentionally shooting him.

34.    The shooting of HILL was entirely unjustified by any of HILL's actions, and constituted an unreasonable seizure and excessive use of deadly force in an effort to intentionally acquire control over HILL by Defendant NEWMAN, a government actor.

35.    The actions alleged above deprived HILL of clearly defined, established, and well-settled Constitutional rights of Plaintiff, specifically: (a) the freedom from the use of excessive and unreasonable force; (b) the freedom from unreasonable seizure; and (c) the freedom from deprivation of life and liberty without due process of law.

36.    Defendant NEWMAN acted recklessly, maliciously, or deliberately indifferent toward HILL when he deprived him of his Constitutional rights.

8

37.     As a direct and proximate result of the aforementioned acts of Defendant NEWMAN, HILL was caused to become deceased.

WHEREFORE, Plaintiff VIOLA BRYANT demands judgment for damages, including compensatory damages, loss of net accumulations to the Estate, all costs, interest and reasonable attorney's fees provided under the applicable law, against Defendant CHRISTOPHER NEWMAN and any other such relief this Honorable Court deems reasonable and just.

## COUNT III
## STATE LAW CLAIM OF NEGLIGENCE AGAINST SHERIFF KEN MASCARA

Plaintiff adopts and re-alleges Paragraphs 1 through 22 as if set forth fully herein, and further allege as follows:

38.     At all times material and at the time of the aforementioned shooting incident, Defendant NEWMAN was an employee and uniformed law enforcement officer of the St. Lucie County Sheriff's Office and was acting within the scope of his employment.

39.     As such, Defendant MASCARA, as Sheriff of St. Lucie County, liable for the negligent actions of its employee, Defendant NEWMAN.

40.     Defendant NEWMAN owed a duty to HILL to refrain from firing in an unsafe or unreasonable manner and to act as a reasonable law enforcement officer under same or similar circumstances.

41.     Defendant NEWMAN breached the aforementioned duty in the following ways:

a.     by unreasonably firing his firearm in the direction of HILL;

9

b.      by unreasonably firing his firearm when it was apparent

that no forcible felony was being committed or life

threatening situation existed.

42.     Defendant NEWMAN's actions were negligent and were the direct and proximate cause of the death of HILL.

WHEREFORE, Plaintiff VIOLA BRYANT demands judgment for damages, including compensatory damages, loss of net accumulations to the Estate, all costs, interest and reasonable attorney's fees provided under the applicable law, against Defendant KEN MASCARA and any other such relief this Honorable Court deems reasonable and just.

## COUNT IV
## STATE LAW CLAIM FOR BATTERY RESULTING IN WRONGFUL DEATH AGAINST CHRISTOPHER NEWMAN

Plaintiff adopts and re-alleges Paragraphs 1 through 22 as if fully set forth herein, and further alleges as follows:

43.     On or about January 14, 2014, Defendant NEWMAN, an employee and uniformed officer with the St. Lucie County Sherriff's Office, committed a battery when he discharged his handgun to intentionally strike HILL.

44.     The aforementioned act of discharging this handgun at HILL was the intended act of Defendant NEWMAN and was carried out in bad faith and with malicious intent.

10

45.     As a direct and proximate result of the acts of Defendant NEWMAN, HILL was caused to become deceased.

WHEREFORE, Plaintiff VIOLA BRYANT demands judgment for damages, including compensatory damages, loss of net accumulations to the Estate, all costs, interest and reasonable attorney's fees provided under the applicable law, against Defendant CHRISTOPHER NEWMAN and any other such relief this Honorable Court deems reasonable and just.

### COUNT V
### CLAIM FOR NEGLIGENCE RESULTING IN DAMAGE TO REAL PROPERTY
### AGAINST SHERIFF KEN MASCARA

Plaintiff adopts and re-alleges Paragraphs 1 through 22 as if fully set forth herein, and further alleges as follows:

46.     Defendant MASCARA, agents and deputies of the St. Lucie County Sheriff's Office owed a duty to HILL to use reasonable care when entering his property during investigative and/or apprehension efforts.

47.     Immediately after HILL was shot and killed by NEWMAN, St. Lucie County Sheriff's Deputies unreasonably employed militaristic tactics in an effort to subdue and apprehend Hill by employing numerous SWAT vehicles, SWAT Team members, and snipers, many of which surrounded the home of HILL.

48.     St. Lucie County Sheriff's Deputies shot tear gas canisters into the HILL home through many windows while severely damaging the

11

windows and the interior of the home and leaving toxic tear gas residue in the home.

49. Deputies also cut holes in the garage door, and kicked in other entry doors to the home.

50. At all times material, St. Lucie County Sheriffs Office's employed militaristic tactics were unreasonable, negligent and excessive as HILL died instantly after Newman discharged his weapon eliminating any need for forced entry, tear gas or damage to the home.

51. As a result of the aforementioned conduct of St. Lucie County deputies, the HILL home was severely damaged and rendered uninhabitable.

WHEREFORE, Plaintiff VIOLA BRYANT demands judgment for property damages, including the all costs of repair, any loss of use or diminution in value, against Defendant KEN MASCARA and any other such relief this Honorable Court deems reasonable and just.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury for all issues so triable.

Respectfully submitted,

Date: _1/08/16_

Law Office of John M. Phillips, LLC


JOHN M. PHILLIPS, ESQUIRE
Florida Bar Number: 0477575

T.C. ROBERTS, ESQUIRE
Florida Bar Number: 0099975
BRENT LATOUR, ESQUIRE
Florida Bar Number: 0114239
4230 Ortega Boulevard
Jacksonville, FL 32210
(904) 444-4444
(904) 508-0683 (facsimile)
Attorneys for Plaintiff
jphillips@floridajustice.com
dmalone@floridajustice.com
tc@floridajustice.com
brent@floridajustice.com

Filing # 36334834 E-Filed 01/08/2016 02:28:39 PM

IN THE CIRCUIT COURT, NINETEENTH
JUDICIAL CIRCUIT, IN AND FOR
ST. LUCIE COUNTY, FLORIDA

CASE NO.:
DIVISION:     **562016CA000029 (OC)**

JUDGE CROOM

VIOLA BRYANT, as Personal
Representative of the Estate of
GREGORY VAUGHN HILL, JR.,

      Plaintiff,

vs.

SHERIFF KEN MASCARA in his official
Capacity as Sheriff of St. Lucie County,
and CHRISTOPHER NEWMAN,
an individual,

      Defendants.

_____

## SUMMONS

**THE STATE OF FLORIDA:**

To All and Singular the Sheriffs of said State:

    **YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Complaint, in this action on Defendant:

    **CHRISTOPHER NEWMAN**
    **c/o St. Lucie County Sheriff's Office**
    **4700 West Midway Road**
    **Fort Pierce, FL 34981**

    Each Defendant is required to serve written defenses to the Complaint on JOHN M. PHILLIPS, attorney, whose address is 4230 ORTEGA BOULEVARD, JACKSONVILLE, FLORIDA 32210, within twenty (20) days after service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or petition.

**WITNESS** my hand and the Seal of said Court this ___8___ day of January, 2016.

## JOSEPH E. SMITH
As Clerk of said Court

By *Ethel McDonald*
Deputy Clerk

### IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are no other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

### IMPORTANTE

_Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contester la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamanda telefonica no lo protegera; si usted desea que el tribunal considere su defense, debe presenter su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudieses perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legals. Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correoa o

entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney." (Demandate o Abogado del Demanadante).

## **IMPORTANT**

Des poursuites juficiaries ont ete enterprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pour vous proteger; vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous resquez de perdue la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis uterieur du Tribunal. Il y a d'autres obligations juridiques et vous  pouvez requerir les services immeidats d'un avocet. Si vous ne connaissez pas d'avacat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expediter une copie au carbone ou une photocopie de votre reponse ecrite an "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

**Law Office of John M. Phillips, LLC**
**JOHN M. PHILLIPS, ESQUIRE**
**T.C. ROBERTS, ESQUIRE**
**4230 Ortega Boulevard**
**Jacksonville, FL 32210**
**(904) 444-4444**
**jphillips@floridajustice.com**
**dmalone@floridajustice.com**
**tc@floridajustice.com**
**brent@floridajustice.com**

Filing # 36334834 E-Filed 01/08/2016 02:28:39 PM

IN THE CIRCUIT COURT, NINETEENTH
JUDICIAL CIRCUIT, IN AND FOR
ST. LUCIE COUNTY, FLORIDA

CASE NO.: 56 2016 CA 000029 (oc)
DIVISION: JUDGE CRoom

VIOLA BRYANT, as Personal
Representative of the Estate of
GREGORY VAUGHN HILL, JR.

        Plaintiff,

v.

SHERIFF KEN MASCARA in his official
capacity as Sheriff of St. Lucie County,
and CHRISTOPHER NEWMAN,
an individual,

        Defendants.

_____/

## COMPLAINT FOR WRONGFUL DEATH

    COMES NOW the Plaintiff, VIOLA BRYANT, as Personal Representative of the Estate of GREGORY VAUGHN HILL, hereinafter "HILL," by and through the undersigned counsel, and files this Complaint against the Defendants, SHERIFF KEN MASCARA, and Deputy CHRISTOPHER NEWMAN, individually, and state as follows:

    1.    This is an action for damages in excess of fifteen thousand dollars ($15,000.00), exclusive of interest, costs, and attorneys' fees.

    2.    At all times material, Plaintiff, VIOLA BRYANT, was the natural mother of GREGORY VAUGHN HILL, JR, deceased, and has been appointed as the duly authorized Personal Representative of the Estate of GREGORY VAUGHN HILL, JR. by Judge Janet Croom of the Circuit Court

for St. Lucie County, Florida.  A copy of the Letters of Administration is attached hereto as Exhibit "A."

3.      The living HILL was an unmarried adult residing in St. Lucie County, Florida and maintaining the residence located at 1501 Avenue Q, Fort Pierce, FL 34950.  The following are the beneficiaries and their relationship to HILL as set forth by the Florida Wrongful Death Act:

a)      D.H., decedent's minor child, c/o Terrica Davis, her mother;

b)      A. H., decedent's minor child, c/o Terrica Davis, her mother;

c)      G.H., decedent's minor child c/o Melody Wright, his mother.

4.      Prior to the filing of this Complaint, Plaintiff served notice of this claim pursuant to Florida Statute Section 768.28, via Certified Mail Return Receipt Requested, and those claims have been denied or ignored.

5.      All conditions precedent to filing this Complaint have occurred.

6.      At all times material, the Plaintiff, VIOLA BRYANT was a resident of Fort Pierce, St. Lucie County, Florida.

7.      At all times material, Defendant MASCARA employed Defendant CHRISTOPHER NEWMAN in his capacity as a law enforcement officer with the St. Lucie County Sheriff's Office.

8.      Defendant KEN MASCARA (hereinafter referred to as "MASCARA"), is a resident of St. Lucie County, Florida and is *sui juris*.  At all

2

times material, Defendant MASCARA was the Sheriff for St. Lucie County, Florida. Defendant MASCARA is sued herein in his official capacity as the Sheriff for St. Lucie County, Florida.

9.    Defendant CHRISTOPHER NEWMAN (hereinafter referred to as "NEWMAN"), is believed to be a resident of St. Lucie County, Florida and is *sui juris*. At all times material, Defendant NEWMAN was employed by the St. Lucie County Sheriff's Office as a law enforcement officer and is sued herein in his individual capacity.

10.    At all times material, Defendant NEWMAN was acting within the scope and course of his employment with Defendant MASCARA, and the St. Lucie County Sheriff's Office.

**GENERAL ALLEGATIONS**

11.    On or about January 14, 2014, at 3:00 p.m., Defendant NEWMAN and Deputy Edward Lopez arrived at HILL's residence located at 1501 Avenue Q, Fort Pierce, St. Lucie County, Florida in response to a noise complaint for loud music emanating from the garage of the residence.

12.    Unauthorized loud music is potentially a violation of Fort Pierce Municipal Code with a maximum penalty of a $500.00 fine and/or or up to 60 days in jail ONLY after a warning is issued for the first complaint and a civil citation is issued after the second complaint.

13.    At said place and said time, Defendant NEWMAN knocked on the front and garage doors of the residence in an attempt to speak with the person responsible for the loud music.

14.    After NEWMAN knocked on the doors, the garage door opened revealing HILL within the comfort of his own garage and home.

15.    Upon information and belief, Deputy Lopez indicated loudly that HILL had a gun and then the garage door closed.

16.    Despite the door being closed, NEWMAN fired his handgun approximately four times and killed HILL.

17.    After the shooting, HILL's body was found face down within the garage with an unloaded handgun in his back pants pocket.

18.    At no time did HILL raise his firearm or threaten to shoot or otherwise pose a threat to Deputies NEWMAN or Edward Lopez or any other person.

19.    In fact, HILL was shot through the closed garage door and one bullet struck his head at HILL's standing height while HILL was fully within his home.

20.    Deputy Edward Lopez did not discharge his weapon during the incident.

21.    After HILL was shot, St. Lucie County Sheriff's Office dispatched a SWAT team and many personnel who fired tear gas into the HILL home in an effort to subdue an already deceased HILL.

4

22.    St. Lucie County Sheriff's Office effectively and needlessly employed excessive force to subdue HILL and also effectively destroyed his home.

**COUNT I**
**CLAIM PURSUANT TO 42 U.S.C. § 1983**
**MUNICIPAL LIABILITY**

Plaintiff adopts and re-alleges Paragraphs 1 through 22 as if set forth fully herein, and further alleges as follows:

23.    This claim is brought pursuant to 42 U.S.C. § 1983 for violation of HILL's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

24.    At all times material, Defendant MASCARA was Sheriff of St. Lucie County and therefore supervisor to all law enforcement personnel employed by the St. Lucie County Sherriff's Office.  Defendant MASCARA is a person within the meaning of 42 U.S.C. § 1983.

25.    Defendant MASCARA as the Sheriff of St. Lucie County, is liable because of his policy and custom of encouraging, tolerating, permitting, and ratifying the use of improper and excessive deadly force by law enforcement under his supervision of which he knew or should have known.

26.    Defendant MASCARA as the Sheriff of St. Lucie County, has routinely ignored violations of the Fourth and Fourteenth Amendments by

5

his subordinates, such that he has established a custom within the St. Lucie County Sherriff's Office.

27.    Defendant MASCARA, as the Sheriff of St. Lucie County, evidenced deliberate indifference by failing to respond to a need for oversight and discipline in instances of Fourth and Fourteenth Amendment violations in such a manner as to encourage his subordinates to continue engaging in constitutional violations.

28.    Defendant MASCARA, as the Sheriff of St. Lucie County, failed to discipline or prosecute known instances of wrongful and excessive use of force by officers under his direction and employ.

29.    Defendant MASCARA, as the Sheriff of St. Lucie County, refused to adequately investigate complaints of previous incidents of wrongful and excessive use of force by officers under his direction and employ, and instead caused law enforcement personnel to believe such conduct is permissible.

30.    Defendant MASCARA, as the Sheriff of St. Lucie County, established and maintained a system of review of complaints of excessive use of force by St. Lucie County Sherriff's Office law enforcement personnel and employees, which has failed to identify constitutional violations by those officers and employees and subject the offending employees and law enforcement personnel to discipline, close supervision, or restraining. The failure was so pervasive as to become the *de facto*

policy and custom of Defendant MASCARA, as the Sheriff of St. Lucie County, to tolerate the use of excessive force by law enforcement personnel under his direction and employ.

31. The foregoing acts, omissions, and systematic deficiencies are policies and customs of Defendant MASCARA, as the Sheriff of St. Lucie County, and caused officers and employees under the employ and direction of Defendant MASCARA to be unaware or alternatively unconcerned with the rules and laws governing permissible use of force and to believe such use of force is entirely within the discretion of the deputies and employees. Further, such use of force would not be honestly and properly investigated, all with the foreseeable result that officers and employees are more likely to use excessive force in situations where such force is neither necessary nor reasonable nor legal.

32. As a direct and proximate result of the aforementioned acts and/or omissions on the part of Defendant MASCARA, HILL was caused to become deceased.

WHEREFORE, Plaintiff VIOLA BRYANT demands judgment for damages, including compensatory damages, loss of net accumulations to the Estate, all costs, interest and reasonable attorney's fees provided under the applicable law, against Defendant KEN MASCARA as the Sheriff of St. Lucie County, and any other such relief this Honorable Court deems reasonable and just.

7

## COUNT II
## CLAIM AGAINST CHRISTOPHER NEWMAN PURSUANT TO 42 U.S.C. § 1983

Plaintiff adopts and re-alleges Paragraphs 1 through 22 as if set forth fully herein, and further allege as follows:

33.    The actions of Defendant NEWMAN, including the excessive use of force and battery of HILL violated clearly established law, and violated the Constitutional rights of HILL including his rights under the Fourth and Fourteenth Amendments to the United States Constitution, through the wrongful acts of using deadly force against HILL and intentionally shooting him.

34.    The shooting of HILL was entirely unjustified by any of HILL's actions, and constituted an unreasonable seizure and excessive use of deadly force in an effort to intentionally acquire control over HILL by Defendant NEWMAN, a government actor.

35.    The actions alleged above deprived HILL of clearly defined, established, and well-settled Constitutional rights of Plaintiff, specifically: (a) the freedom from the use of excessive and unreasonable force; (b) the freedom from unreasonable seizure; and (c) the freedom from deprivation of life and liberty without due process of law.

36.    Defendant NEWMAN acted recklessly, maliciously, or deliberately indifferent toward HILL when he deprived him of his Constitutional rights.

8

37.    As a direct and proximate result of the aforementioned acts of Defendant NEWMAN, HILL was caused to become deceased.

WHEREFORE, Plaintiff VIOLA BRYANT demands judgment for damages, including compensatory damages, loss of net accumulations to the Estate, all costs, interest and reasonable attorney's fees provided under the applicable law, against Defendant CHRISTOPHER NEWMAN and any other such relief this Honorable Court deems reasonable and just.

## COUNT III
## STATE LAW CLAIM OF NEGLIGENCE AGAINST SHERIFF KEN MASCARA

Plaintiff adopts and re-alleges Paragraphs 1 through 22 as if set forth fully herein, and further allege as follows:

38.    At all times material and at the time of the aforementioned shooting incident, Defendant NEWMAN was an employee and uniformed law enforcement officer of the St. Lucie County Sheriff's Office and was acting within the scope of his employment.

39.    As such, Defendant MASCARA, as Sheriff of St. Lucie County, liable for the negligent actions of its employee, Defendant NEWMAN.

40.    Defendant NEWMAN owed a duty to HILL to refrain from firing in an unsafe or unreasonable manner and to act as a reasonable law enforcement officer under same or similar circumstances.

41.    Defendant NEWMAN breached the aforementioned duty in the following ways:

    a.    by unreasonably firing his firearm in the direction of HILL;

9

   b.  by unreasonably firing his firearm when it was apparent

      that no forcible felony was being committed or life

      threatening situation existed.

  42.  Defendant NEWMAN's actions were negligent and were the direct and proximate cause of the death of HILL.

  WHEREFORE, Plaintiff VIOLA BRYANT demands judgment for damages, including compensatory damages, loss of net accumulations to the Estate, all costs, interest and reasonable attorney's fees provided under the applicable law, against Defendant KEN MASCARA and any other such relief this Honorable Court deems reasonable and just.

**COUNT IV**
**STATE LAW CLAIM FOR BATTERY RESULTING IN WRONGFUL DEATH AGAINST CHRISTOPHER NEWMAN**

  Plaintiff adopts and re-alleges Paragraphs 1 through 22 as if fully set forth herein, and further alleges as follows:

  43.  On or about January 14, 2014, Defendant NEWMAN, an employee and uniformed officer with the St. Lucie County Sheriff's Office, committed a battery when he discharged his handgun to intentionally strike HILL.

  44.  The aforementioned act of discharging this handgun at HILL was the intended act of Defendant NEWMAN and was carried out in bad faith and with malicious intent.

45.     As a direct and proximate result of the acts of Defendant NEWMAN, HILL was caused to become deceased.

WHEREFORE, Plaintiff VIOLA BRYANT demands judgment for damages, including compensatory damages, loss of net accumulations to the Estate, all costs, interest and reasonable attorney's fees provided under the applicable law, against Defendant CHRISTOPHER NEWMAN and any other such relief this Honorable Court deems reasonable and just.

## COUNT V
### CLAIM FOR NEGLIGENCE RESULTING IN DAMAGE TO REAL PROPERTY AGAINST SHERIFF KEN MASCARA

Plaintiff adopts and re-alleges Paragraphs 1 through 22 as if fully set forth herein, and further alleges as follows:

46.     Defendant MASCARA, agents and deputies of the St. Lucie County Sheriff's Office owed a duty to HILL to use reasonable care when entering his property during investigative and/or apprehension efforts.

47.     Immediately after HILL was shot and killed by NEWMAN, St. Lucie County Sheriff's Deputies unreasonably employed militaristic tactics in an effort to subdue and apprehend Hill by employing numerous SWAT vehicles, SWAT Team members, and snipers, many of which surrounded the home of HILL.

48.     St. Lucie County Sheriff's Deputies shot tear gas canisters into the HILL home through many windows while severely damaging the

11

windows and the interior of the home and leaving toxic tear gas residue in the home.

49.     Deputies also cut holes in the garage door, and kicked in other entry doors to the home.

50.     At all times material, St. Lucie County Sheriffs Office's employed militaristic tactics were unreasonable, negligent and excessive as HILL died instantly after Newman discharged his weapon eliminating any need for forced entry, tear gas or damage to the home.

51.     As a result of the aforementioned conduct of St. Lucie County deputies, the HILL home was severely damaged and rendered uninhabitable.

WHEREFORE, Plaintiff VIOLA BRYANT demands judgment for property damages, including the all costs of repair, any loss of use or diminution in value, against Defendant KEN MASCARA and any other such relief this Honorable Court deems reasonable and just.

### **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury for all issues so triable.

Respectfully submitted,

Date: _1/08/16_

Law Office of John M. Phillips, LLC

JOHN M. PHILLIPS, ESQUIRE
Florida Bar Number: 0477575

T.C. ROBERTS, ESQUIRE
Florida Bar Number: 0099975
BRENT LATOUR, ESQUIRE
Florida Bar Number: 0114239
4230 Ortega Boulevard
Jacksonville, FL 32210
(904) 444-4444
(904) 508-0683 (facsimile)
Attorneys for Plaintiff
jphillips@floridajustice.com
dmalone@floridajustice.com
tc@floridajustice.com
brent@floridajustice.com

**IN THE CIRCUIT COURT OF THE 19TH JUDICIAL CIRCUIT
IN AND FOR ST. LUCIE COUNTY, FLORIDA**

VIOLA BRYANT, as Personal                     **Case No.** 562016CA000029 (OC)
Representative of the Estate of
GREGORY VAUGHN HILL, JR.,

Plaintiff,

vs.

SHERIFF KEN MASCARA in his official
Capacity as Sheriff of St. Lucie County,
and CHRISTOPHER NEWMAN,
an individual,

Defendants.
_____/

## NOTICE OF APPEARANCE

The Clerk will please note the appearance of the law firm of PURDY, JOLLY,

GIUFFREDA & BARRANCO, P.A. as Attorneys of Record for SHERIFF KEN MASCARA, in

his official Capacity as Sheriff of St. Lucie County and CHRISTOPHER NEWMAN,

individually, in the above-styled cause, and you are hereby requested to furnish the said attorneys

with copies of all future motions, orders, etc., in this cause.

**I HEREBY CERTIFY** that a copy of the foregoing was e-filed with the Clerk of the
Circuit Court, which will send a copy of same by email to:  **John M. Phillips, Esquire, T.C.
Roberts, Esquire, Brent Latour, Esquire,** Law Office of John M. Phillips, LLC, 4230 Ortega
Boulevard, Jacksonville, FL 32210; jphillips@floridajustice.com, dmalone@floridajustice.com,
tc@floridajustice.com, brent@floridajustice.com this  **26th**  day of February, 2016.

                               PURDY, JOLLY, GIUFFREDA & BARRANCO, P.A.
                               Attorneys for Defendants
                               2455 East Sunrise Boulevard, Suite 1216
                               Fort Lauderdale, Florida 33304
                               Telephone (954) 462-3200
                               Telecopier (954) 462-3861

                             BY:    **s/ Summer M. Barranco**
                                    SUMMER M. BARRANCO
                                    Florida Bar No. 984663