# EXHIBIT J

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

VIOLA BRYANT, as Personal
Representative of the Estate of
GREGORY VAUGHN HILL, JR.,

Case No.   2:16cv14072-ROSENBERG/LYNCH

Plaintiff,

vs.

SHERIFF KEN MASCARA in his official
Capacity as Sheriff of St. Lucie County,
and CHRISTOPHER NEWMAN,
an individual,

Defendants.
_____/

### AFFIDAVIT OF LIEUTENANT MICHAEL SHEELAR

STATE OF FLORIDA        )
                        :SS
COUNTY OF ST. LUCIE     )

**BEFORE ME**, the undersigned authority, this day personally appeared Lt. Michael Sheelar, who, upon oath, and based upon personal knowledge and after review of applicable policies regarding the use of force and the training transcript of Deputy Christopher Newman deposes and states as follows:

1. My name is Lt. Michael Sheelar. I am more than eighteen years of age. I am a sworn certified law enforcement officer in the state of Florida.

2. I have been employed by the St. Lucie County Sheriff's Office since January 29, 1990. I currently hold the rank of Lieutenant and I am in charge of the Professional Standards Division of the St. Lucie County Sheriff's Office.

1

3. Throughout my career I have held numerous administrative positions within the St. Lucie County Sheriff's Office. As a result I have personal knowledge regarding the administration of the Sheriff's Office including policies and practices related to training, discipline, internal affairs and general orders regarding use of force.

4. Deputy sheriffs employed by the St. Lucie County Sheriff's Office, whom are assigned to the law enforcement division, including Deputy Christopher Newman, are sworn certified law enforcement officers in accordance with Florida Statute Chapter 943 and as established by the Criminal Justice Standards and Training Commission/Florida Department of Law Enforcement. [CJSTC/FDLE]. Christopher Newman, met all of the requirements in accordance with Florida Statute Chapter 943 and CJSTC/FDLE to be law enforcement officers and to enforce the laws of the State of Florida on January 14, 2014 and he continues to meet those requirements today. Consequently, Christopher Newman was a certified law enforcement officer on January 14, 2014 the day he had contact with Gregory Hill. This means that Christopher Newman completed a police academy and met the requirements established by the CJSTC/FDLE to be a law enforcement officer in the State of Florida, including instruction on the need for probable cause to make an arrest, reasonable suspicion to stop and investigate suspected illegal conduct and that any use of force must be objectively reasonable and necessary under the totality of the circumstances. The St. Lucie County Sheriff's Office provides in-service training to sworn certified law enforcement officers, each and every year, in an amount that exceeds the requirements of Florida Statute 943.135(1). The topics covered vary, depending on the needs at the time, and are in full compliance with the requirements of the CJSTC/FDLE, including topics related to the reasonable use of force.

5. Deputy Sheriffs employed by the St. Lucie County Sheriff's Office, including Christopher Newman, are trained that they are only authorized to use that amount of force which is objectively reasonable and necessary under the totality of the circumstances and are otherwise not authorized to use excessive or unnecessary force. The focus in training is on the objectively reasonable and necessary use of force in response to resistance as contemplated by Graham v. Connor, 490 U.S. 386 (1989). In addition instruction and situational based training is provided regarding the use of deadly force only under circumstances where it is objectively reasonable to believe that deadly force is necessary to prevent the imminent use of deadly force or to prevent imminent great bodily harm.

6. Attached hereto as Exhibit "1" are true and correct copies of use of the force related policies of the St. Lucie County Sheriff's Office which were in effect at the time of the subject incident on January 14, 2014 and which governed the use of force upon Mr. Hill. The application of those policies is dependent upon the totality of the facts and circumstances known to the deputy or deputies using force. Those policies are as follows:

General Order 1.03 - Use of Force

General Order 1.04 - Firearms and Ammunition

These policies do not authorize the use of excessive force.

7. Attached hereto as Exhibit "2" are true and correct copies of policies of the St. Lucie County Sheriff's Office which were in effect at the time of the subject incident on January 14, 2014 which relate to training, discipline, internal affairs including handling of citizen complaints, and conducting investigations. These policies are as follows:

General Order 15.01 - Unlawful Conduct

3

General Order 15.02 - Misconduct Investigations/Disciplinary Action

General Order18.02 - Training Organization and Management

General Order 18.03 - Training Programs

General Order 19.01 - Performance Evaluation System

General Order 20.02 - Conducting Preliminary Investigations

General Order 27.01 - Internal Investigations

**FURTHER AFFIANT SAYETH NAUGHT.**

_____
LT. MICHEAL SHEELAR

STATE OF FLORIDA )
                 ) SS:
COUNTY OF ST. LUCIE )

**BEFORE ME,** the undersigned authority, this day personally appeared Lt. Michael Sheelar, who upon oath, acknowledges and says that he has read the foregoing Affidavit and that all the facts contained herein are true and correct and based upon personal knowledge, and who is personally known to me.

WITNESS my hand and seal this 27 day of March, 2017.

_____
NOTARY PUBLIC

CATHERINE L. LAVALLE
TYPE OR PRINT NAME

My Commission expires: Sep. 23, 2017

CATHERINE L. LA VALLE
MY COMMISSION # FF24972
EXPIRES: September 23, 2017

4