UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:16-cv-14072-ROSENBERG/HOPKINS

VIOLA BRYANT, as Personal Representative
of the Estate of GREGORY VAUGHN HILL, JR.,

        Plaintiff,

v.

SHERIFF KEN MASCARA, in his Official
Capacity as Sheriff of St. Lucie County and
CHRISTOPHER NEWMAN,

        Defendants.
_____/

**PLAINTIFF'S MOTION FOR AUTHORIZATION TO PERPETUATE TRIAL
TESTIMONY BY VIDEOGRAPHY OF UNAVAILABLE WITNESS, STEFANI MILLS**

      VIOLA BRYANT, as Personal Representative of the Estate of Gregory V. Hill, Jr., by and through her undersigned counsel and pursuant to the Court's Order Memorializing Status Conference held on March 2, 2018, [DE129], and the Court's Order of March 15, 2018, [DE132], submits her Motion for Authorization to Perpetuate Trial Testimony by Videography of Unavailable Witness, Stefani Mills. In support thereof, Plaintiff states the following:

      1.     This case arises from a call that was placed to 911 from Stefani Mills regarding a noise complaint for loud music emanating from the garage of Gregory Vaughn Hill, Jr.'s home.

      2.     Ms. Mills was present in the car line at Frances K. Sweet Elementary School to pick up her son and nieces when she placed the call to 911 in reference to the loud music.

      3.     Not only did Ms. Mills initiate the call that put these events into action, she also witnessed the events as they unfolded.

4. Ms. Mills gave her discovery deposition in this matter on December 5, 2016, which was not videotaped. It was a mere discovery deposition taken by Mr. Phillips' associate who has since departed the firm, and was taken before critical rulings by this Court.

5. A Trial deposition causes no prejudice and assists a witness who otherwise must be heard.

6. Ms. Mills' testimony is critical in this case for the reasons stated above and Plaintiff's counsel intended to call Ms. Mills live at the May 2018 trial of this matter.

## MEMORANDUM

Pursuant to Fed. R. Civ. P. 30(a)(2), a party must obtain leave of court…(A) if the parties have not stipulated to the deposition and…(ii) the deponent has already been deposed in the case." As noted above, Ms. Mills was previously deposed in this action, however; she has indicated that she is unavailable to appear live at trial. Her testimony is crucial to Plaintiff's case. Unfortunately, Ms. Mills cannot be subpoenaed to appear live at the trial in Ft. Pierce, Florida. Pursuant to Fed. R. Civ. P. 45 (c)(1)(A), a subpoena for a trial, hearing, or deposition may command a person to attend a trial, hearing, or deposition only as follows:

### (A) Within 100 miles of where the person resides, is employed or regularly transacts business in person;

Ms. Mills currently resides in Sarasota, Florida which is outside of the 100 mile distance in which a subpoena can command her live attendance. Plaintiff's counsel has conferred with Ms. Mills regarding her appearing live at the trial of this matter and Ms. Mills has indicated she cannot travel to Ft. Pierce, Florida for this trial and that it would cause her substantial undue burden for the following reasons:

(a) Ms. Mills has two children and there is a sleep away trip scheduled during the trial term that both of her children are attending and she is a chaperone for this trip.

    (b) Her older son has a soccer tournament in Orlando at the end of the week that she must also attend.

    (c) Her husband is a trauma surgeon and his schedule is unpredictable, leaving her with full responsibility for the children's plans and activities and;

    (d) She runs her own business from home.

For these reasons Plaintiff's counsel will not likely be able to command her live appearance at the May 16, 2018 trial of this matter. Should the Court permit the taking of Ms. Mills' Trial Video Deposition, Ms. Mills would appear in Sarasota, Florida for this deposition.

In *Charles v. Wade*, 665 F.2d 661 (5th Cir. 1980), the district court denied Plaintiff, Earl Charles's motion for leave to take a video deposition of a crucial witness who was incarcerated and therefore unavailable to appear live at trial. The district court's decision was based on the fact that discovery had already closed. Plaintiff appealed and the Fifth Circuit Court of Appeals reversed the district court's decision, holding that the close of discovery was an inappropriate reason for the district court's denial of Plaintiff's motion where Plaintiff knew what the witness had to say and was merely seeking means for introducing his testimony at trial, and where permitting the video deposition would have resulted in no prejudice to the Defendant. *Id.* at 662-664.

The facts at issue in *Charles* are similar here. Crucial witness, Stefani Mills, is unavailable to appear live and give her testimony at trial. Ms. Mills has previously been deposed, so there will be no unfair surprise or prejudice to the Defendants should this Court grant the relief requested in this motion. In other words, the parties know what the unavailable witness has to say and Plaintiff, VIOLA BRYANT, is merely seeking a means for introduction of Ms. Mills' testimony

3

WHEREFORE, for the reasons set forth herein, Plaintiff VIOLA BRYANT, as Personal Representative of the Estate of Gregory V. Hill, Jr., would respectfully request this Honorable Court to enter and Order granting Plaintiff leave to perpetuate trial testimony by videography of Stefani Mills.

### 7.1 (a)(3) STATEMENT

Counsel for Plaintiff has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF and furnished via email a copy to: Summer M. Barranco, Esquire, Purdy, Jolly, Giuffreda & Barranco, P.A., 2455 East Sunrise Boulevard, Suite 1216, Fort Lauderdale, FL 33304, summer@purdylaw.com, and melissa@purdylaw.com, this 21st day of March, 2018.

**Law Office of John M. Phillips, LLC**

/s/ Natashia D. Hines
**JOHN M. PHILLIPS, ESQUIRE**
Florida Bar Number: 0477575
**NATASHIA D. HINES, ESQUIRE**
Florida Bar Number: 89072
4230 Ortega Boulevard
Jacksonville, FL 32210
(904) 444-4444
(904) 508-0683 (facsimile)
Attorneys for Plaintiff
jphillips@floridajustice.com
michele@floridajustice.com
Natashia@floridajustice.com