UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

VIOLA BRYANT, as Personal
Representative of the Estate of
GREGORY VAUGHN HILL, JR.,

Plaintiff,

vs.

SHERIFF KEN MASCARA in his official
Capacity as Sheriff of St. Lucie County,
and CHRISTOPHER NEWMAN,
an individual,

Defendants.
_____/

Case No. 2:16cv14072-ROSENBERG/LYNCH

### DEFENDANTS SHERIFF AND NEWMAN'S
### RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR AUTHORIZATION TO PERPETUATE TRIAL TESTIMONY BY VIDEOGRAPHY OF UNAVAILABLE WITNESS, STEFANI MILLS

The Defendants, SHERIFF KEN MASCARA, in his official capacity as Sheriff of St. Lucie County and CHRISTOPHER NEWMAN, individually, through their undersigned attorneys, file this their Response in Opposition to Plaintiff's Motion for Authorization to Perpetuate Trial Testimony by Videography of Unavailable Witness, Stefani Mills [DE 135] as follows:

Although not mentioned in Plaintiff's motion, the Plaintiff has already sought to take the video deposition of Ms. Mills before. [See DE 105]. In Plaintiff's Motion to Continue Trial and Response in Opposition to Defendants' Motion to Stay Pending Appeal which was filed on June 5, 2017, Plaintiff stated "Plaintiff requests that this Court allow the parties to reopen discovery while Defendant's appeal is pending before the 11th Circuit Court of Appeals, such that Plaintiff be allowed to...schedule a trial video deposition of witness Stephani (sic) Mills who now lives more than 100 miles away from the location the trial will be held...." (See DE 105 at pg. 2). It was opposed by the

Defendants at that time [see DE 111] and the Court denied the request [See DE 119]. The Defendants still oppose the request for the following reasons:

Ms. Mills has already been deposed in this matter (see DE 68 - exhibit "B" to defendants' statement of material facts in support of their motion for summary judgment). Her deposition was conducted on December 5, 2016 in Sarasota, Florida. The undersigned traveled from Fort Lauderdale to Sarasota to attend her deposition in person at that time. The deposition lasted over an hour with both sides in this litigation asking questions of the witness at that time. As both sides have already had an ample opportunity to question this witness, it is unnecessary for the Plaintiff to take another deposition of this witness when portions of her deposition can be designated and read to the jury as contemplated by Rule 32 of the Federal Rules of Civil Procedure. The fact that Plaintiff may not have liked the witness's answers given during her discovery deposition is not a legitimate ground for her to be re-deposed.

Plaintiff's citation to Charles v. Wade, 665 F.2d 661 (5th Cir. 1982) is not dispositive here. In Charles, a party wished to take the deposition of a key witness who was incarcerated. The trial court denied the request on the grounds that discovery had closed. The appellate court, in finding this to be error, noted: "By denying the motion to depose, the district court deprived appellant (plaintiff) of any opportunity to establish whether Nixon had in fact changed his testimony." See Charles, 665 F.2d at 669, n. 1. Here, however, the Plaintiff Bryant already has an avenue to present Ms. Mills' testimony, by way of deposition designations[1]. This is not a situation, such as in Charles, where a party is being deprived of *any opportunity* to present this witness's testimony.

---

[1] Plaintiff has already completed and filed deposition designations of this witness as have the Defendants [see DE 87; see also DE 97 and DE 102].

Plaintiff states in her motion "a Trial deposition causes no prejudice...." (See DE 135 at pg. 2). The Defendants disagree. Requiring the Defendants to incur the added expense of undersigned counsel having to unnecessarily prepare for, travel and attend a second out of town deposition of a witness who has already been deposed, and for whom deposition designations have already been submitted would cause prejudice to the Defendants, not to mention Ms. Mills, who has already given her sworn testimony in this cause.[2]

For these reasons, the motion is properly denied.

**I HEREBY CERTIFY** that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a copy of same via email to: **John M. Phillips, Esquire,** Law Office of John M. Phillips, LLC, 4230 Ortega Boulevard, Jacksonville, FL 32210; jphillips@floridajustice.com, dmalone@floridajustice.com this **23rd** day of March, 2018.

> PURDY, JOLLY, GIUFFREDA & BARRANCO, P.A.
> Attorneys for Defendants
> 2455 East Sunrise Boulevard, Suite 1216
> Fort Lauderdale, Florida 33304
> Telephone (954) 462-3200
> Telecopier (954) 462-3861
> Email: summer@purdylaw.com
> melissa@purdylaw.com
>
> BY   *s/ Summer M. Barranco*
> SUMMER M. BARRANCO
> Fla. Bar No. 984663

---

[2] Plaintiff's motion at page 2 also makes a vague reference to Ms. Mills' deposition having been taken before "critical rulings by this Court." Plaintiff, however, never specifies what rulings of the Court she is referring to and the Defendants are not aware of any rulings by this Court that would require this witness to be re-deposed.