UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:16-cv-14072-ROSENBERG/HOPKINS

VIOLA BRYANT, as Personal Representative
of the Estate of GREGORY VAUGHN HILL, JR.,

      Plaintiff,

v.

SHERIFF KEN MASCARA, in his Official
Capacity as Sheriff of St. Lucie County and
CHRISTOPHER NEWMAN,

      Defendants.
_____/

## BENCH MEMORANDUM IN SUPPORT OF PLAINTIFF'S OBJECTION TO DEFENDANTS' INTRODUCTION OF EVIDENCE REGARDING MR. HILL'S PROBATIONARY STATUS AT THE TIME OF INCIDENT

COMES NOW, Plaintiff, VIOLA BRYANT, as Personal Representative of the Estate of GREGORY VAUGHN HILL, JR., by and through her undersigned counsel, and hereby respectfully submits this Bench Memorandum in Support of Plaintiff's Objection to Defendants Introduction of Evidence Regarding Mr. Hill's Probationary Status at the Time of Incident.

Specifically, Defendants' seek to introduce exhibit number sixty-nine which contains an investigative report prepared by SAI investigator Jeff Hamrick of the Office of the State Attorney that was prepared after Mr. Hill was shot. This investigative report contains information regarding Mr. Hill's probationary status at the time he was shot and killed by Deputy Newman. Plaintiff objects to the relevance of this investigative report because Officer Newman was unaware of Mr. Hill's probation status at the time he shot Mr. Hill. In addition, the introduction of this evidence will significantly prejudice Mr. Hill and further constitutes inadmissible character evidence.

**DEFENDANT'S PROPOSED OBJECTIONABLE EVIDENCE**

1. Defendant's Exhibit Number sixty-nine pursuant to Defendants Third Amended Exhibit and Witness List.

2. Testimony from any witness expected to testify in this trial, including, but not limited to: Andrew Brown, Jeff Hamrick, and Niles Grabin, regarding Mr. Hill's probationary status.

**MEMORANDUM OF LAW**

Defendant Newman was responding to a noise complaint at a house across the street from Frances K. Sweet Elementary School. Significantly, Defendant Newman was not at Mr. Hill's residence for the purpose of investigating Mr. Hill's probationary status.

Within sixty seconds of Defendant Newman's arrival, Gregory Vaughn Hill, Jr. was shot and killed by Defendant Newman. Defendant Newman fired four rounds of forty caliber bullets through a closing garage door. Two bullets struck Mr. Hill in the stomach. One bullet struck Mr. Hill in the head.

Viola Bryant, as the personal representative of the estate of Gregory Vaughn Hill, Jr. filed this 42 U.S.C. § 1983 civil rights violation action against Defendants claiming that Defendant Newman used excessive force and violated Mr. Hill's constitutional fourth amendment right to be free from unwarranted searches and seizures.

### I. Evidence of Mr. Hill's probationary status is irrelevant to the issues of this case

The United States Supreme Court has set forth the standard by which to judge Defendant Newman's actions at the time he took the fatal shot. In Graham v. Connor, 490 U.S. 386 (1989) the Supreme Court held in pertinent part:

> "Claims that law enforcement officials have used excessive force in the course of an arrest, investigatory stop, or other

> "seizure" of a free citizen are most properly characterized as invoking the protections of the Fourth Amendment, which guarantees citizens the right "to be secure in their persons… against unreasonable seizures," and must be judged by reference to the Fourth Amendment's **"reasonableness"** standard." (emphasis added) *Id.* at 387.

The Supreme Court provided further guidance on the relevant factors to consider when judging the reasonableness of Defendant Newman's actions:

> "The Fourth Amendment "reasonableness" inquiry is whether the officers' actions are **"objectively reasonable" in light of the facts and circumstances confronting them**, without regard to their underlying intent or motivation. The "reasonableness" of a particular use of force **must be judged from the perspective of a reasonable officer on the scene** and its calculus must embody an allowance for the fact that police officers are often forced to make split-second decisions about the amount of force necessary in a particular situation. (emphasis added) *Id.*

Mr. Hill's probationary status at the time of the incident is wholly irrelevant to whether or not Defendant Newman acted objectively reasonably under the facts and circumstances confronting him at the time. Defendant Newman was responding to a noise complaint and was unaware of Mr. Hill's probationary status at the time he fired the fatal shot. As such, Mr. Hill's probation status did not factor into Defendant Newman's decision to shoot Mr. Hill.

Fed. R. Evid. 401 states that evidence is relevant if: "a) it has any tendency to make a fact more or less probable than it would be without the evidence and b) the fact is of consequence in determining the action." *Id.*

The central issue in determining this action is whether or not Defendant Newman acted objectively reasonable when he fired four shots into a closing garage door, killing Gregory Hill Jr. Evidence of whether or not Gregory Hill Jr. was on probation at the time he was shot is

3

irrelevant to the determination of the reasonableness of Defendant Newman's actions "in light of the facts and circumstances confronting him." *See Graham* at 387.

Again, Defendant Newman had no knowledge of Mr. Hill's probationary status at the time he decided to pull the trigger. (*See* Newman Deposition Pg. 29/Lines 3-10). Because Defendant Newman was unaware of Mr. Hill's probationary status, it was not a fact or circumstance confronting him. Likewise, Mr. Hill's probationary status, unknown to Defendant Newman, did not factor into Defendant Newman's decision to shoot Mr. Hill and is therefore irrelevant.

In addition, Mr. Hill's probationary status is a fact that has no tendency to make the claim that Defendant Newman's actions were objectively reasonable more probable than it would be without this evidence. However, the admissibility of Mr. Hill's probationary status will poison the jury with more knowledge than Defendant Newman possessed at the time he made his decision.

**II.    ANY PROBATIVE VALUE OF MR. HILL'S PROBATION STATUS IS SUBSTANTIALLY OUTWEIGHED BY THE PREJUDICIAL EFFECT**

After shooting Mr. Hill, Defendant Newman presumably became aware that Mr. Hill was on probation. Fed. R. Evid. 403 prohibits the admissibility of evidence if the "probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403

Defendant Newman's knowledge of Mr. Hill's probation status was gained after the shooting. Federal Courts have addressed this specific issue and have denied the admissibility of similar evidence.

4

In <u>Sherrod v. Berry</u>, 856 F.2d 802, 805 (7th Cir. 1988) when addressing the admissibility of facts and circumstances gained by the officer **after the fact** the court held as follows:

> "Knowledge of facts and circumstances gained after the fact…has no place in the…jury's post-hoc analysis of the reasonableness of the actor's judgment. Were the rule otherwise,…the jury would possess more information than the officer possessed when he made the crucial decision. Thus, we are convinced that the objective reasonableness standard…requires that [the officer's] liability be determined **exclusively** upon an examination and weighing of the information [the officer] possessed immediately prior to and at the very moment he fired the fatal shot. The reception of evidence or any information beyond that which [the officer] had and reasonably believed at the time he fired his revolver is improper, irrelevant and prejudicial to the determination of whether [the officer] acted reasonably 'under the circumstances'. (emphasis added) *Id. at 805.*

In the present case, it wasn't until after Defendant Newman shot Mr. Hill that Mr. Hill's probation status came to light. Admitting evidence of Mr. Hill's probationary status will mislead the jury by providing them with more information than Defendant Newman possessed at the time he made the crucial decision. *See also Kopf v. Skyrm*, 993 F.2d 374 (4th Cir. 1993). ("Just as the officers' actions ought not be faulted through "the 20/20 vision of hindsight," so also should they not be absolved by it"). In addition, it will prejudicially inform the jury that Mr. Hill was on probation for a crime that he was not convicted of. The prejudicial impact of informing the jury of Mr. Hill's probationary status outweighs the probative value (if any), especially when considering that Defendant Newman was unaware of Mr. Hills probationary status at the time.

**III.   Evidence of Mr. Hill's probationary status offered to support Defendants' theory that Mr. Hill intended on instigating the confrontation is irrelevant because Mr. Hill's intent is not at issue**

Plaintiff anticipates Defendants will argue that evidence of Mr. Hill's probation should be introduced to show Mr. Hill's intent on instigating the confrontation with Defendant Newman.

5

However, the only action that Defendant Newman claims Mr. Hill did at that time was raise a gun in the direction of Deputy Lopez.[1] (*See* Newman Deposition Pg. 26/Lines 24-25) In response, Plaintiff claims that Mr. Hill did not raise a gun at all. Plaintiff is not arguing that Mr. Hill raised the gun by accident, rather Plaintiff claims that Mr. Hill never raised the gun at all. As such, evidence related to whether or not Mr. Hill *intended* on raising a gun is not at issue.

A similar issue arose in *Hynes v. Coughlin*, 79 F.3d 285-292 (2d Cir. 1996), a 42 U.S.C. § 1983 civil right violation case wherein an inmate plaintiff claimed a detention officer violated his fourth amendment rights during a "physical altercation." *Id. at* 287. The defendant officer claimed that the plaintiff "instigated the fight" by kicking the defendant. The plaintiff plainly denied the act of kicking the defendant officer. *Id.* The court determined that the dispute was whether or not plaintiff kicked the defendant. The question was not, "did plaintiff *intend* on kicking the defendant officer."

In *Hynes*, the defendant officer argued that evidence of the plaintiff's prior prison disciplinary record should be admitted to show plaintiff had a penchant for violence and the records were therefore relevant to show plaintiff's "intent or lack of accident in initiating the [subject] incident." *Id.* The court held that plaintiff's intent was not at issue because "**A dispute as to whether or not a party performed a particular physical act is not an issue as to intent**." *Id.* The court further held, "where there is no tenable basis for contending that there was an issue such as intent or knowledge, it is error to admit an inmate's disciplinary record to support the inference that he had a 'penchant for violent conduct." *Id.* at 290-291

The same rings true here. Defendants will presumably argue that Mr. Hill's probation status should be admitted to show Mr. Hill's intent on instigating the altercation with Defendant

---

[1] "I thought, the way the gun was coming up, I thought he was gonna shoot Lopez through the garage…" "So what did you do?" "I fired my weapon." (*See* Newman Deposition Pg. 26/Line 24 – Pg. 27/Line 4)

6

Newman by raising a gun in the direction of Deputy Lopez. (Newman Deposition Pg. 26/Lines 24-25). Plaintiff plainly denies the act of raising a gun at all. Following the logic of the second circuit, a dispute as to whether or not Mr. Hill performed the particular act of raising a gun at Officer Lopez does not make Mr. Hill's *intent* at issue.

Therefore, Defendants' claim that evidence of Mr. Hill's probation is relevant to show Mr. Hill's intent to instigate the altercation with Defendant Newman must be denied. Defendants' claim Mr. Hill raised a gun. Plaintiff denies raising the gun at all. The question is, "did Mr. Hill raise a gun?" The question is not, "did Mr. Hill *intend* on raising a gun?" Therefore, evidence of Mr. Hill's probation status, offered to support defendants' theory that Mr. Hill intended on instigating the confrontation, is irrelevant to the issues of this case.

### IV. Evidence of Mr. Hill's probation status constitutes inadmissible character evidence

Review of court records indicate that on June 28, 2012, Mr. Hill was arrested and charged one felony count of possession of cocaine and two misdemeanors. Significantly, **adjudication of guilt was withheld for his felony charge** and as part of his plea agreement, Mr. Hill agreed to probation.

Presumably, Defendants want to introduce evidence of Mr. Hill's probationary status, despite the fact that Defendant Newman was unaware of Mr. Hill's probationary status at the time he pulled the trigger. Plaintiff believes this evidence is being offered to attack Mr. Hill's character. However, Fed. R. Evid. 404 prohibits this type of character evidence. It states in pertinent part:

> "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."

7

Mr. Hill's character is not on trial. The issue presented to the jury is whether or not Defendant Newman acted objectively reasonable under the facts and circumstances confronting him. The introduction of Mr. Hill's probationary status at the time of death constitutes inadmissible character evidence. In addition, this evidence will inform the jury of Mr. Hill's probation and will burden the Plaintiff with explaining to the jury the legal differences between felonies, misdemeanors, withholds of adjudication, convictions, and other various criminal law terminology and theory. This burden is unduly because Mr. Hill has never been convicted of a felony and the jury is burdened with judging Defendant Newman's actions, not Mr. Hill's criminal history.

WHEREFORE, Plaintiff respectfully requests this Honorable Court sustain Plaintiff's objection to the introduction of this exhibit and any introduction of evidence which contains information regarding Mr. Hill's probationary status, as this testimony is wholly irrelevant to the issue of this case; did Defendant Newman act objectively reasonable under the facts and circumstances confronting him at the time. In addition, Plaintiff respectfully request this Honorable Court sustain Plaintiff's objection because this exhibit's probative value (if any) is outweighed by the prejudicial effect and it's potential of misleading the jury and unduly burdening the Plaintiff.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF and a copy hereof has been furnished to Summer M. Barranco, Esquire, Purdy, Jolly, Giuffreda & Barranco, P.A., 2455 East Sunrise Boulevard, Suite 1216, Fort Lauderdale, FL 33304, by email to summer@purdylaw.com, and melissa@purdylaw.com, this **12th** day of May, 2018.

**Law Office of John M. Phillips, LLC**

/s/ Kirby Johnson
**JOHN M. PHILLIPS, ESQUIRE**
Florida Bar Number: 0477575
**NATASHIA D. HINES, ESQUIRE**
Florida Bar Number: 89072
**KIRBY W. JOHNSON, ESQUIRE**
Florida Bar Number: 113323
4230 Ortega Boulevard
Jacksonville, FL 32210
(904) 444-4444
(904) 508-0683 (facsimile)
Attorneys for Plaintiff
jphillips@floridajustice.com
michele@floridajustice.com
Natashia@floridajustice.com
Kirby@floridajustice.com