**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 2:16-cv-14072-ROSENBERG/HOPKINS**

VIOLA BRYANT, as Personal Representative
of the Estate of GREGORY VAUGHN HILL, JR.,

       Plaintiff,

v.

SHERIFF KEN MASCARA, in his Official
Capacity as Sheriff of St. Lucie County and
CHRISTOPHER NEWMAN,

       Defendants.

_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS MOTION TO ALLOW UNLOADED FIREARM IN COURTROOM AS AN EXHIBIT DURING TRIAL AND INCORPORATED MEMORANDUM OF LAW**

COMES NOW, Plaintiff, VIOLA BRYANT, as Personal Representative of the Estate of GREGORY VAUGHN HILL, JR., by and through her undersigned counsel, and hereby respectfully submits this Response in Opposition to Defendants' Motion to Allow Unloaded Firearm in Courtroom as an Exhibit During Trial.

Defendants' seek to introduce at trial the gun that was allegedly "retrieved from Mr. Hill's back pocket." Plaintiff objects to the introduction of this physical evidence because it was not disclosed pursuant to Federal Rule of Civil Procedure 26(a). In addition, the introduction of this non-disclosed physical evidence will unfairly prejudice the Plaintiff and offers no probative value to any issue the jury is to determine.

**MEMORANDUM OF LAW**

Defendant Deputy Christopher Newman was responding to a noise complaint at a house across the street from Frances K. Sweet Elementary School.  Within sixty seconds of Defendant

Newman's arrival, Gregory Vaughn Hill, Jr. was shot and killed by Defendant Newman. Defendant Newman fired four rounds of forty caliber bullets through a closing garage door. Two bullets struck Mr. Hill in the stomach. One bullet struck Mr. Hill in the head.

Viola Bryant, as the personal representative of the estate of Gregory Vaughn Hill, Jr. filed this 42 U.S.C. § 1983 civil rights violation action against Defendants claiming that Defendant Newman used excessive force and violated Mr. Hill's constitutional Fourth Amendment right to be free from unwarranted searches and seizures.

### I. DEFENDANTS FAILED TO DISCSLOSE THAT THEY WERE IN POSSESSION OF THIS GUN PURSUANT TO FED. R. CIV. PRO. 26

Pursuant to Federal Rule of Civil Procedure 26(a)(ii), Defendants' initial disclosure must include "a copy—or a description by category and location—of all documents, electronically stored information, and **tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses**, unless the use would be solely for impeachment" (emphasis added) Fed. R. Civ. Pro. 26(a)(1)(A)(ii).

**Procedural History**

On May 20, 2016, Defendants filed their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1). Defendants' disclosure listed sixty-seven witnesses and fifty-eight independent exhibits. Significantly, Defendants' disclosure did not include the "Kel-Tec firearm (type: pistol; model PF9; serial number: RR683)." In fact, the words "gun", "Kel-Tec", and "pistol" are completely omitted from any of Defendants' six separate Rule 26 disclosures.

On August 9, 2016, Defendants' filed their Supplemental Disclosures Pursuant to FRCP 26(a)(1). However, Defendants' again failed to list "Kel-Tec firearm (type: pistol; model PF9; serial number: RR683)."

On September 23, 2016 Defendants' filed their Second Supplemental Disclosure Pursuant to FRCP 26(a)(1). Again, Defendant's failed to disclose that they were in possession, custody, or control of the "Kel-Tec firearm (type: pistol; model PF9; serial number: RR683)." On October 28, 2016, Defendants' filed their Third Supplemental Disclosure Pursuant to FRCP 26(a)(1) wherein Defendants, yet again, failed to disclose that they were in possession, custody, or control any firearm collected from the scene.

On December 15, 2016, Defendants' filed their Fourth Supplemental Disclosure Pursuant to FRCP 26(a)(1). On January 30, 2017, Defendants' filed Defendants' Fifth Supplemental Disclosure Pursuant to FRCP 26(a)(1). In both the fourth and fifth supplemental disclosures, Defendants' failed to provide notice that they were in possession, custody, or control of any firearm recovered from the scene, including the Kel-Tec pistol they now wish to present to the jury.

In total, **Defendants' have filed six separate Rule 26(a) disclosures. The Kel-Tec gun the Defendants now wish to present to the jury was not disclosed in any of them**. Defendants have presumably been in possession, custody, or control of the Kel-Tec gun from the time the Complaint was filed in this case. Yet, **Defendants never informed the Plaintiff that they were in possession, custody, or control of this gun.**

Plaintiff was never presented with the opportunity to inspect the gun. Plaintiff was never given the opportunity to have their expert witnesses inspect the gun. Due to the Defendants' failure to disclose that they possessed this piece of physical evidence, Plaintiff's case has been hamstrung. The first time Defendants' disclosed that they even possessed this Kel-Tec Pistol was at 11:40 a.m. on May 15, 2018. This disclosure was made in the form of an e-mail from defense counsel less than forty-eight hours prior to the start of this trial. (Exhibit A)

3

The e-mail from Defendants was transmitted long after the close of discovery in this case. Pursuant to this honorable court's Second Amended Scheduling Order, "all discovery shall be completed" by January 17, 2017. [DE 38] In addition, Defendants' failed to disclose their possession, custody, or control of the Kel-Tec in any of their trial exhibit lists.

**Legal Standard**

Defendants' motion to allow this firearm into the court room comes as a surprise to Plaintiff. As of yesterday, Plaintiff was unaware that Defendants were in possession, custody, or control of said firearm. Defendants' now wish to publish this gun to the jury and have the Court introduce it into evidence without Plaintiff's prior examination. "If a party fails to provide information ... as required by Rule 26(a) or (e), the party is not allowed to use that information ... to supply evidence ... at a trial, unless the failure was **substantially justified or is harmless**." *Companhia Energetica Potiguar v. Caterpillar, Inc.,* No. 14-cv-24277, 2016 WL 3102225, at *5 (S.D. Fla. June 2, 2016).

**Defendants' failure to disclose was not substantially justified**

Defendants' failure to disclose that they were in possession, custody, or control of this gun is completely unjustified. "In determining whether a failure to disclose evidence is substantially justified or harmless, courts are guided by the following factors**: (1) the unfair prejudice or surprise of the opposing party; (2) the opposing party's ability to cure the surprise; (3) the likelihood and extent of disruption to the trial; (4) the importance of the evidence; and (5) the offering party's explanation for its failure to timely disclose the evidence."** (emphasis added) *Mobile Shelter Sys. USA, Inc. v. Grate Pallet Sols., LLC*, 845 F. Supp. 2d 1241, 1250–51 (M.D. Fla. 2012). Plaintiff will address each factor below.

4

1. Unfair prejudice or surprise of the opposing party:

As mentioned above, Plaintiff was completely unaware that Defendants were in possession, custody, or control of this gun until yesterday, less than forty-eight hours before the start of trial. Needless to say, Defendants' motion to present this gun to the jury comes as a complete surprise to Plaintiff and her counsel. In addition, Defendants' failure to disclose said gun has unfairly prejudiced the Plaintiff because she was never afforded the opportunity to review the evidence or have her expert witnesses inspect the evidence.

2. Ability to cure the surprise:

Plaintiff became aware of Defendants' possession, custody, or control of the gun yesterday. With less than two days before the start of trial, Plaintiff has never been given the opportunity to inspect the gun. In addition, Plaintiff's expert witnesses, whom have already been deposed, examined the properly disclosed evidence, and formulated their opinions thereupon, have not been given the opportunity to examine the gun. There is simply not enough time to examine the gun and re-formulate their opinions if necessary. As such, there is no ability to cure the surprise.

3. Likelihood and extent of the disruption at trial

Defendants' seek permission to allow the physical gun into the courtroom. However, Defendants' have not claimed how this evidence will assist the trier of fact in determining any issues of this case. Defendants' have disclosed photographs of the gun in question. Utilizing the physical gun will provide no additional insight for the jury and instead will be used as a demonstrative aid which will severely and unfairly prejudice the Plaintiff.

4. Importance of the Evidence

As previously argued, the unloaded gun in the courtroom will provide no greater insight to any issue of this case than the photographs of the gun will provide. Defendants contend that the presence of the physical gun inside the courtroom is "imperative that the Defendants be able to utilize the exact weapon which was found in Mr. Hill's back pocket that, according to the deputies involved in the subject event, was in Mr. Hill's hand immediately prior to the subject shooting." However, Defendants' seem to overlook the fact that photographs of the "exact weapon" will accomplish the same objective.

5. <u>The Offering Party's explanation for its failure to disclose the evidence</u>

Defendants' have been in possession, custody, or control of this gun since it was removed from the scene of the incident on or about January 14, 2014. Defendants' have had more than ample opportunity to disclose to Plaintiff that they were in possession of said gun. Likewise, Defendants' failed to disclose that they possessed this gun in all six of their Rule 26(a) disclosures. In addition, Defendants failed to disclose this gun as an exhibit on any of their four exhibit disclosures. Simply put, Defendants have not, and cannot, provide any explanation for the non-disclosure of this gun.

For the foregoing reasons, there is no substantial justification for Defendants' failure to disclose this evidence pursuant to Fed. R. Civ. Pro. 26(a).

**Defendants' failure to disclose this exhibit is not harmless**

Defendants have possessed perhaps the single most disputed piece of physical evidence in this case and have waited until two days before trial to inform Plaintiff that Defendants were in possession of it. Defendants' failure to disclose is far from harmless. "A harmless error is one where one party made an honest mistake and the other had sufficient knowledge of it." *Two Men*

6

*& a Truck Int'l, Inc. v. Residential & Commercial Transp. Co., LLC*, No. 4:08-CV67-WS/WCS, 2008 WL 5235115, at *2 (N.D. Fla. Oct. 20, 2008).

As stated above, Defendants have filed six separate Rule 26(a) disclosures. However, Defendants have failed to disclose the gun in all six of them. It is hard to believe that Defendants' failure to disclose this evidence is the product of a six separate oversights. In addition, as stated above, Plaintiff had absolutely no knowledge that Defendants' possessed or controlled said gun. Let alone, *sufficient knowledge* that Defendants were in possession, custody, or control of the gun.

All six disclosures provided by Defendants pursuant to Rule 26(a), failed to include the Kel Tec gun the Defendants now wish to introduce to the jury. Defendants' failure to disclose this gun is not justified, let alone *substantially* justified. In addition, Defendants' failure to disclose is far from harmless.

Furthermore, the "party who is alleged to have failed to comply with Rule 26 bears the burden to show that its actions were substantially justified or harmless." Parrish v. Freightliner, LLC, 471 F. Supp. 2d 1262, 1268 (M.D. Fla. 2006). In their three page Motion to Allow Unloaded Firearm in Courtroom as an Exhibit During Trial, Defendants' provided no explanation as to why the gun was not disclosed, let alone a substantial justification for this exhibits non-disclosure.

## **REQUEST FOR SANCTIONS PURSUANT TO RULE 37(C)(1)**

As discussed above, Defendants' waited until two days before trial to disclose that they were in possession, custody, or control of the gun that they now wish to introduce as an exhibit at trial. Defendants' failed to disclose this weapon in all six of their Rule 26 disclosures. Defendants also failed to disclose this weapon in all four of the exhibit disclosures. Defendants

7

have seemingly ignored this honorable court's Second Amended Scheduling Order and have dropped this bombshell evidence on Plaintiff two days before trial. Fed. R. Civ. Pro. 37(c)(1) states the ramifications for Defendants' failure to timely disclose such exhibits and information. It states in pertinent part:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), **the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial**, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
> (B) may inform the jury of the party's failure; and
>
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)—(vi).

As a result of Defendants' failure to disclose this exhibit pursuant to Fed. R. Civ. 26(a), Plaintiff has been forced to expend hours of research, drafting, and editing of this reply on the eve of trial.

WHEREFORE, Plaintiff respectfully requests this Honorable Court deny Defendants' Motion to Allow Unloaded Firearm in Courtroom as an Exhibit During Trial. In addition, Plaintiff respectfully request this Honorable Court impose any and all sanctions it deems appropriate against Defendants for failing to disclose their possession of the gun pursuant to Fed. R. Civ. 26(a) and Rule 37(c).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF and a copy hereof has been furnished to Summer M. Barranco, Esquire, Purdy, Jolly, Giuffreda & Barranco, P.A., 2455 East Sunrise Boulevard, Suite 1216, Fort

Lauderdale, FL 33304, by email to summer@purdylaw.com, and melissa@purdylaw.com, this 16th day of May, 2018.

          **Law Office of John M. Phillips, LLC**

          /s/ Kirby Johnson_____
          **JOHN M. PHILLIPS, ESQUIRE**
          Florida Bar Number: 0477575
          **NATASHIA D. HINES, ESQUIRE**
          Florida Bar Number: 89072
          **KIRBY W. JOHNSON, ESQUIRE**
          Florida Bar Number: 113323
          4230 Ortega Boulevard
          Jacksonville, FL 32210
          (904) 444-4444
          (904) 508-0683 (facsimile)
          Attorneys for Plaintiff
          jphillips@floridajustice.com
          michele@floridajustice.com
          Natashia@floridajustice.com
          Kirby@floridajustice.com