## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 2:16-cv-14072-ROSENBERG/HOPKINS

VIOLA BRYANT, as Personal Representative
of the Estate of GREGORY VAUGHN HILL, JR.,

       Plaintiff,

v.

SHERIFF KEN MASCARA, in his Official
Capacity as Sheriff of St. Lucie County and
CHRISTOPHER NEWMAN,

       Defendants.

_____/

### COURT'S FINAL JURY INSTRUCTIONS

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. When I have finished, you will go to the jury room and begin your discussions, sometimes called deliberations.

### The Duty to Follow Instructions—Government
### Entity or Agency Involved

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it—even if you do not agree with the law—and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a governmental entity or agency is involved as a party must not affect your decision in any way. A governmental agency and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a governmental agency is involved, of course, it may act only through people as its employees; and, in general, a governmental agency is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the governmental agency.

### Consideration of Direct and Circumstantial
### Evidence; Argument of Counsel; Comments by
### the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts. Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

## Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1.  Did the witness impress you as one who was telling the truth?

2.  Did the witness have any particular reason not to tell the truth?

3.  Did the witness have a personal interest in the outcome of the case?

4.  Did the witness seem to have a good memory?

5.  Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6.  Did the witness appear to understand the questions clearly and answer them directly?

7.  Did the witness's testimony differ from other testimony or other evidence?

**Impeachment of Witnesses Because of**
**Impeachment of Witnesses Because of Inconsistent Statements**
**or Felony Conviction**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

### Expert Witness – When Expert Fees Represent a Significant Portion of the Witness's Income

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

When a witness is being paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias and should view with caution the testimony of such witness where court testimony is given with regularity and represents a significant portion of the witness's income.

**Responsibility for Proof—Plaintiff's Claim[s],
Cross Claims, Counterclaims—Preponderance of
the Evidence**

In this case it is the responsibility of the Plaintiff to prove every essential part of her claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should ~~and~~ *find* against the Plaintiff.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claims by a preponderance of the evidence, you should find for the Defendant as to that claim.

## Duty to Deliberate When Only the Plaintiff
## Claims Damages

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous—in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges— judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**Civil Rights—42 U.S.C. § 1983 Claims—**
**Fourth Amendment Claim—Private Person Alleging Unlawful Arrest,**
**Unlawful Search, or Excessive Force Against Deputy Christopher Newman**

In this case, Viola Bryant, as Personal Representative of the Estate of Gregory Vaughn Hill, Jr., claims that Deputy Christopher Newman, while acting under color of law, intentionally committed acts that violated Gregory Vaughn Hill, Jr.'s right to be from the use of excessive or unreasonable force.

Under the Fourth Amendment to the United States Constitution, every person has the right not to be subjected to excessive or unreasonable force.

To succeed on this claim, Plaintiff, Viola Bryant, must prove each of the following facts by a preponderance of the evidence:

First:     That Christopher Newman intentionally committed acts that violated Gregory Vaughn Hill, Jr.'s constitutional right not to be subjected to excessive or unreasonable force;

Second:   That Christopher Newman's conduct caused Gregory Vaughn Hill, Jr.'s injuries; and

Third:    That Christopher Newman acted under color of law. The parties have agreed that Christopher Newman acted under color of law, so you should accept that as a proven fact.

Plaintiff, Viola Bryant claims that Christopher Newman used excessive force against Gregory Vaughn Hill, Jr. You must decide whether the force Christopher Newman used in this case was excessive or unreasonable based on the degree of force a reasonable and prudent law enforcement officer would have applied on the scene under the same circumstances. Whether a specific use of force is excessive or unreasonable depends on factors such as the crime's severity, whether a suspect poses an immediate violent threat to others, whether the suspect resists or flees, the need for application of force, the relationship between the need for force and the amount of force used, and the extent of the injury inflicted. Christopher Newman's underlying intent or motivation is irrelevant.

For the second element, Christopher Newman's conduct caused Gregory Vaughn Hill, Jr.'s injuries if Gregory Vaughn Hill, Jr. would not have been injured without Christopher Newman's conduct, and the injuries were a reasonably foreseeable consequence of Christopher Newman's conduct.

If you find Viola Bryant has proved each fact that she must prove, you must decide the issue of her damages. If you find that Viola Bryant has not proved each of these facts, then you must find for Christopher Newman.

### Civil Rights—42 U.S.C. § 1983 Claims—Damages

You should assess the monetary amount that a preponderance of the evidence justifies as full and reasonable compensation for the damages of the survivors of Gregory Vaughn Hill Jr.'s Estate—no more, no less. You must not impose or increase these compensatory damages to punish or penalize the Defendants. And you must not base these compensatory damages on speculation or guesswork.

Plaintiff does not have to introduce evidence of a monetary value for intangible things like physical pain. You must determine what amount will fairly compensate the survivors for those claims. There is no exact standard to apply, but the award should be fair in light of the evidence.

You should consider the following elements of damage, to the extent you find that Viola Bryant has proved them by a preponderance of the evidence, and no others:

(a)    Funeral expenses that Viola Bryant, as personal representative of the Estate of Gregory Vaughn Hill, Jr. incurred;

(b)    Minor child D.H.'s loss of parental companionship, instruction, and guidance and D.H.'s mental pain and suffering from the date of January 14, 2014 and in the future;

(c)    Minor child A.H.'s loss of parental companionship, instruction, and guidance and A.H.'s mental pain and suffering from the date of January 14, 2014 and in the future;

(d)    Minor child G.H.'s loss of parental companionship, instruction, and

guidance and G.H.'s mental pain and suffering from the date of January 14, 2014 and in the future.

**Nominal Damages:** You may award $1.00 in nominal damages and no compensatory damages if you find that: (a) Plaintiff has submitted no credible evidence of injury; or (b) Plaintiff's injuries have no monetary value or are not quantifiable with any reasonable certainty; or (c) Defendant Christopher Newman used both justifiable and unjustifiable force against Gregory Vaughn Hill, Jr. and it is entirely unclear whether Gregory Vaughn Hill Jr.'s injuries resulted from the use of justifiable or unjustifiable force

### Negligent Handling of a Firearm/Negligent
### Decision to Use a Firearm Against Sheriff Ken Mascara, in his Official Capacity as Sheriff of St. Lucie County, Florida

An additional claim for your consideration is the Plaintiff's negligence claim against Ken Mascara, in his Official Capacity as Sheriff of St. Lucie County, Florida. This is not a claim against the Sheriff, personally, but is a claim against the Office of the Sheriff, which Ken Mascara currently holds.

To prevail on this claim, the Plaintiff must prove each of the following elements by a preponderance of the evidence:

First:          That Defendant Newman owed a duty to Gregory Vaughn Hill, Jr. to refrain from firing in an unsafe or unreasonable manner and to act as a reasonable law enforcement officer under same or similar circumstances.

Second:          That Defendant Newman breached the aforementioned duty in the following ways:

a. by unreasonably firing his firearm in the direction of Gregory Vaughn Hill, Jr.; or

b. by unreasonably firing his firearm when it was apparent that no forcible felony was being committed or life threatening situation existed.

Third:          That the injury to Gregory Vaughn Hill, Jr. was legally caused by Christopher Newman's breach; and

Fourth:          That Gregory Vaughn Hill, Jr. suffered damages as a result of that injury.

Negligence is the failure to use reasonable care, which is the care that a reasonably careful person would use under like circumstances. Negligence is doing something that a reasonably careful person would not do under like circumstances or failing to do something that a reasonably careful person would do under like circumstances.

Negligence is a legal cause of loss if it directly and in natural and continuous sequence produces or contributes substantially to producing such loss, so that it can reasonably be said that, but for the negligence, the loss would not have occurred.

In order to be regarded as a legal cause of injury or damage negligence need not be the only cause. Negligence may be a legal cause of injury or damage even though it operates in combination with some other cause if the negligence contributes substantially to producing such injury or damage.

The Sheriff is responsible for any negligence of Deputy Newman in the alleged failure to employ lethal force in a reasonable manner.

If the preponderance of the evidence does not support Plaintiff's claim, your verdict should be for the Sheriff.

If, however, the preponderance of the evidence supports Plaintiff's claim, then you shall consider the defense raised by the Sheriff.

On the first affirmative defense, the issue for you to decide is whether Gregory Vaughn Hill, Jr. was under the influence of any alcoholic beverage to the extent that his normal faculties were impaired, or that he had a blood or breath alcohol level of 0.08 percent or higher; and whether as a result of the influence of such alcoholic beverage or drug Gregory Vaughn Hill, Jr. was more than 50 percent at fault for his own harm. "Normal faculties" include but are not limited to the ability to see, hear, walk, talk, judge distances, make judgments, act in emergencies and, in general, to normally perform the many mental and physical acts of our daily lives.

On the second affirmative defense, the issue for you to decide is whether Gregory Vaughn Hill, Jr. was himself negligent during the incident and, if so, whether that negligence

was a contributing legal cause of injury or damage to Gregory Vaughn Hill, Jr.

If the preponderance of the evidence does not support the Sheriff's affirmative defense and the preponderance of the evidence does support Plaintiff's claim, then your verdict should be for Plaintiff. If, however, the preponderance of the evidence shows that Gregory Vaughn Hill, Jr. was negligent and that his negligence was a legal cause of loss sustained by Gregory Vaughn Hill, Jr., you should decide and write on the verdict form what percentage of the total negligence of all parties to this action was caused by each of them.

I previously instructed you regarding the question of damages, should you find in favor of the Plaintiff on her section 1983 excessive force claim.  The same instructions apply with equal force to your consideration of damages for the claim of negligence.

**Wrongful Death**

In this case, the Plaintiff, Viola Bryant, claims that Defendant Ken Mascara, in his Official Capacity as Sheriff of St. Lucie County, caused the wrongful death of Gregory Vaughn Hill, Jr. under Florida State Law. To establish this claim, Plaintiff must prove the following elements by a preponderance of the evidence:

1. The conduct of the Defendant amounted to negligence;

2. That conduct caused the death of Gregory Vaughn Hill, Jr.; and

3. The conduct would have entitled Gregory Vaughn Hill, Jr. to recover damages if he had not died.

**Wrongful Death Damages: Introduction**

If your verdict is for Defendants, you will not consider the matter of damages. But if the greater weight of the evidence supports Viola Bryant's claims, you should determine and write on the verdict form, in dollars, the total amount of damage which the greater weight of the evidence shows the estate of Gregory Vaughn Hill, Jr. and his survivors sustained as a result of his injury and death, including any damages that the estate and the survivors are reasonably certain to incur or experience in the future.

**Wrongful Death Damages: Elements**
**For Estate and Survivors**

*ELEMENTS FOR ESTATE:*

In determining the damages recoverable on behalf of Gregory Vaughn Hill, Jr.'s estate, you shall consider the following elements:

*Funeral expenses:*

Funeral expenses due to Gregory Vaughn Hill, Jr.'s injury or death which were paid by or on behalf of Gregory Vaughn Hill, Jr. by one other than a survivor.

*ELEMENTS FOR SURVIVING CHILDREN:*

In determining any damages to be awarded Gregory Vaughn Hill, Jr.'s personal representative for the benefit of Gregory Vaughn Hill, Jr.'s surviving children, you shall consider certain additional elements of damage for which there is no exact standard for fixing the compensation to be awarded. Any such award should be fair and just in the light of the evidence regarding the following elements:

*Damages by surviving children:*

The loss by D.H., A.H., and G.H. of parental companionship, instruction and guidance, and their mental pain and suffering as a result of Gregory Vaughn Hill, Jr.'s injury and death. In determining the duration of those losses, you may consider the joint life expectancies of Gregory Vaughn Hill, Jr. and D.H., A.H., and G.H., together with the other evidence in the case.

*ELEMENTS FOR SURVIVORS, INCLUDING SURVIVING SPOUSE, CHILD OR PARENTS OF CHILD:*

In determining any damages to be awarded Gregory Vaughn Hill, Jr.'s personal representative for the benefit of each of Gregory Vaughn Hill, Jr.'s survivors, D.H., A.H., G.H., you shall consider the following elements:

*Lost support and services:*

      The Survivors', D.H., A.H., and G.H., loss, by reason of Gregory Vaughn Hill, Jr.'s injury and death, of Gregory Vaughn Hill, Jr.'s support and services. In determining the duration of any future loss, you may consider the joint life expectancy of the survivor(s) and Gregory Vaughn Hill, Jr. and the period of minority, ending at age 25, of a healthy minor child.

      In evaluating past and future loss of support and services, you shall consider the survivor's relationship to Gregory Vaughn Hill, Jr., and the replacement value of Gregory Vaughn Hill, Jr.'s services to the survivor(s). "Support" includes contributions in kind as well as sums of money. "Services" means tasks regularly performed by Gregory Vaughn Hill, Jr. for a survivor that will be a necessary expense to the survivor because of Gregory Vaughn Hill, Jr.'s death.

*Medical and funeral expenses paid by survivor:*

      Funeral expenses due to Gregory Vaughn Hill, Jr.'s paid by any survivor.

**Wrongful Death Damages Of Estate And Survivors:
Separate Awards For Estate And Survivors**

Any damages that you find were sustained by Gregory Vaughn Hill, Jr.'s estate and by

D.H., A.H., and G.H. shall be separately stated in your verdict.

**Mortality Tables**

*a.*    *Personal representative claiming damages for benefit of decedent's estate:*

In determining how long Gregory Vaughn Hill, Jr. would have lived, had he lived out his normal life, you may consider his life expectancy at the time of his death. The mortality tables received in evidence may be considered in determining how long he may have been expected to live. Mortality tables are not binding on you but may be considered together with other evidence in the case bearing on his health, age and physical condition, before his death, in determining the probable length of his life.

*b.*    *Personal representative claiming damages for loss to survivor:*

In determining the duration of any future loss sustained by D.H., A.H., and G.H. by reason of the death of Gregory Vaughn Hill, Jr., you may consider the joint life expectancy of D.H., A.H., G.H., and Gregory Vaughn Hill, Jr. The joint life expectancy is that period of time when both the decedent and a survivor would have remained alive. The mortality tables received in evidence may be considered, together with the other evidence in the case, in determining how long each may have been expected to live.

**Election of Foreperson Explanation of Verdict**
**Form[s]**

When you get to the jury room, choose one of your members to act as forperson. The foreperson will direct your deliberations and speak for you in court. A verdict form has been prepared for your convenience.

*[Explain verdict]*

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible— either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

### Bad Faith, Malicious Purpose and Wanton and Willful

Bad faith, malice, and wanton and willful disregard describe conduct much more reprehensible and unacceptable than mere intentional conduct.  Bad faith has been equated with actual malice. Actual malice requires proof of evil intent or motive. Wanton and willful means worse than gross negligence and is the equivalent of reckless conduct.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:16-cv-14072-ROSENBERG/HOPKINS

VIOLA BRYANT, as Personal Representative
of the Estate of GREGORY VAUGHN HILL, JR.,

        Plaintiff,

v.

SHERIFF KEN MASCARA, in his Official
Capacity as Sheriff of St. Lucie County and
CHRISTOPHER NEWMAN,

        Defendants.

_____/

## Verdict Forms

### Civil Rights – Special Interrogatories – 42 U.S.C. § 1983 Claim Against Defendant Christopher Newman

### Special Interrogatories to the Jury

**Do you find from a preponderance of the evidence:**

1. That Defendant Christopher Newman intentionally committed acts that violated Gregory Vaughn Hill Jr.'s right to be free from excessive force?

        Answer Yes or No        _____

If your answer is "No," this ends your deliberations on this claim. You should move on to answer the questions on the page "Negligence Claim Against Sheriff Ken Mascara, in his Official Capacity as Sheriff of St. Lucie County."

If your answer is "Yes," go to the next question.

2. That Defendant Christopher Newman's conduct caused Gregory Vaughn Hill Jr.'s injuries?

        Answer Yes or No        _____

If your answer is "No," this ends your deliberations on this claim. You should

move on to answer the questions on the page "Negligence Claim Against Sheriff Ken Mascara, in his Official Capacity as Sheriff of St. Lucie County."

If your answer is "Yes," go to the next question.

3.a. That the estate of Gregory Vaughn Hill, Jr. should be awarded compensatory damages against Defendant Christopher Newman?

Answer Yes or No      _____

If your answer is "Yes," in what amount for?

(a) Funeral expenses that Viola Bryant, as personal representative of the Estate of Gregory Vaughn Hill, Jr. incurred;

$_____

(b) Minor child D.H.'s loss of parental companionship, instruction, and guidance and D.H.'s mental pain and suffering from the date of January 14, 2014 and in the future;

$_____

(c) Minor child A.H.'s loss of parental companionship, instruction, and guidance and A.H.'s mental pain and suffering from the date of January 14, 2014 and in the future;

$_____

(d) Minor child G.H.'s loss of parental companionship, instruction, and guidance and G.H.'s mental pain and suffering from the date of January 14, 2014 and in the future.

$_____

– OR –

3.b. That the estate of Gregory Vaughn Hill, Jr. should be awarded nominal damages against Defendant Christopher Newman?

Answer Yes or No                                    _____

If your answer is "Yes," in what amount?        $_____

Please proceed to answer the questions on the page "Negligence Claim Against Sheriff Ken Mascara, in his Official Capacity as Sheriff of St. Lucie County."

## Negligence Claim Against Sheriff Ken Mascara, in his Official Capacity as Sheriff of St. Lucie County

1.      Was there negligence on the part of Sheriff Ken Mascara in his Official Capacity as Sheriff of St. Lucie County, through his deputy Christopher Newman, which was a legal cause of Gregory Vaughn Hill Jr.'s injuries?

Answer Yes or No            _____

If your answer to question 1 is "No," this ends your deliberations on this claim. Please sign and date this Form. If your answer to question 1 is "Yes," please answer question 2.

2.  Did the Defendant Christopher Newman act in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety or property?

Answer Yes or No            _____

Please answer question 3.

3.    Was there negligence on the part of Gregory Vaughn Hill, Jr. which was a legal cause of his injuries?

Answer Yes or No            _____

Please answer question 4.

4.    Was Gregory Vaughn Hill, Jr. under the influence of alcoholic beverages to the extent that his normal faculties were impaired and that as a result of the influence of such alcoholic beverage, Gregory Vaughn Hill, Jr. was more than 50% at fault for this incident and his resulting injuries?

Answer Yes or No            _____

Please answer question 5.

5.      State the percentage of any negligence which was a legal cause of Gregory Vaugh Hill Jr.'s injuries that you charge to:

Sheriff Ken Mascara, in his Official
Capacity as Sheriff of St. Lucie County            _____%


Gregory Vaughn Hill, Jr.                            _____%

            Total must be 100%

Please answer question 6.

In determining the amount of damages, do not make any reduction because of the negligence, if any, of Gregory Vaughn Hill, Jr. If you find that Gregory Vaughn Hill, Jr. was negligent, the court in entering judgment will make an appropriate reduction in the damages awarded.

If you awarded damages against Defendant Christopher Newman on the 42 U.S.C. § 1983 Claim, you should write the same damages amount below. Plaintiff will not be able to double recover, so do not split the damages between the two defendants.

If you did not award damages against Defendant Christopher Newman on the 42 U.S.C. § 1983 Claim, proceed to consider damages against Sheriff Ken Mascara in his Official Capacity as Sheriff of St. Lucie County.

6. What is the total amount of damages sustained by the Estate of Gregory Vaughn Hill, Jr.?

(a) Funeral expenses that Viola Bryant, as personal representative of the Estate of Gregory Vaughn Hill, Jr. incurred;

                                                    $_____

(b) Minor child D.H.'s loss of parental companionship, instruction, and guidance and D.H.'s mental pain and suffering from the date of January 14, 2014 and in the future;

                                                    $_____

(c) Minor child A.H.'s loss of parental companionship, instruction, and guidance and A.H.'s mental pain and suffering from the date of January 14, 2014 and in the future;

$_____

(d) Minor child G.H.'s loss of parental companionship, instruction, and guidance and G.H.'s mental pain and suffering from the date of January 14, 2014 and in the future.

$_____

Please sign and date this Form.

SO SAY WE ALL.

_____
FOREPERSON

DATE: _____