UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-CV-14072-ROSENBERG

VIOLA BRYANT, as Personal
Representative of the Estate of
GREGORY VAUGHN HILL, JR.,

    Plaintiff,

v.

SHERIFF KEN MASCARA, in his
Official Capacity, et al.,

    Defendants.
_____/

## ORDER DENYING PLAINTIFF'S AMENDED MOTION FOR DISQUALIFICATION

This matter is before the Court on Plaintiff's Amended Motion for Disqualification [DE 290]. The Motion has been fully briefed. For the reasons set forth below, the Motion is denied.

Plaintiff moves for the undersigned to disqualify herself from this case pursuant to 28 U.S.C. § 455. Section 455 imposes a duty on a judge who presides over a case to recuse when his or her "impartiality might reasonably be questioned." In considering this question, the undersigned is not required to accept Plaintiff's allegations as true. *Phillips v. Joint Legislative Com.*, 637 F.2d 1014, 1019 n.6 (5th Cir. 1981); *United States v. State of Alabama*, 571 F. Supp. 958, 958 n.6 (N.D. Ala. 1983) ("If a party could bind a judge by his factual allegations in [a motion to disqualify under Section 455], free from the formal requirements and more demanding standard of proof of Section 144, the result would be virtual open season for recusal."); *see United States v. Sibla*, 624 F.2d 864, 868 (5th Cir. 1980).

Upon review of Plaintiff's allegations,[1] the Court notes that many of Plaintiff's allegations are false. While there is no question in the undersigned's mind that the undersigned is completely impartial, the undersigned must also consider whether "an objective, disinterested observer fully informed of the facts would entertain significant doubt that justice would be done absent recusal." *United States v. Oluwafemi*, 883 F. Supp. 890, 890 (E.D.N.Y. 1995) (citing *DeLuca v. Long Island Lighting Co., Inc.*, 862 F.2d 427, 428-29 (2d Cir. 1988)); *see Hepperle v. Johnston*, 590 F.2d 609, 614 (5th Cir. 1979) ("The standard for determining whether a judge should disqualify himself under Section 455 is whether a reasonable person knowing all the facts would conclude that the judge's impartiality might reasonably be questioned."). The determination of this issue is committed to the undersigned's sound discretion. *Oluwafemi*, 883 F. Supp. at 890.

Here, an informed, reasonable observer would know that the undersigned did not (contrary to the allegations) campaign on behalf of her spouse in a race for judicial office.[2] This is so because when considering what a reasonable observer would think, a judge "must ignore rumors, innuendos, and erroneous information. . . . To do so otherwise would allow a . . . misinformed [person] to control the choice of judge." *United States v. Greenough*, 782 F.2d 1556, 1558 (11th Cir. 1986) (quoting *In re United States*, 666 F.2d 690, 695 (1st Cir. 1983)). Moreover, an informed, reasonable observer would know that the undersigned has presided over many cases in this District for the past six years with complete impartiality and that, unsurprisingly, the undersigned has ruled many times in favor of parties similar to the Plaintiff, just as the undersigned

---

1 Plaintiff did not file an affidavit supporting the allegations, although an affidavit is not required when a request to recuse is brought under Section 455.
2 This is merely an example of one false allegation in the Motion.

2

has ruled many times in favor of parties similar to the Defendant.[3]  In short, upon review of the undersigned's obligations contained in Section 455, the undersigned must not recuse from this proceeding.  *See Murray v. Scott*, 253 F.3d 1308, 1313 (11th Cir. 2001) (noting that judges "must not" recuse without a proper basis to do so).  As a result, Plaintiff's Motion is denied.

      **DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 23rd day of September, 2020.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record

---

[3] Plaintiff's references to adverse rulings is not a basis for recusal as a Section 455 motion must be based upon extrajudicial facts.  *E.g., Holt v. KMI Cont., Inc.*, 821 F. Supp. 846, 847 (D. Conn. 1993).  The undersigned references past decisions because a reasonable, informed observer would not conclude that the undersigned's spouse has influenced court rulings.