UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-14072-cv-Cannon/Reinhart

VIOLA BRYANT
as Personal Representative of the
Estate of Gregory Vaughn Hill, Jr.,

      Plaintiff,

v.

SHERIFF KEN MASCARA
in his official Capacity as Sheriff of
St. Lucie County, et al.,

      Defendants.
_____/

## REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION FOR COSTS (ECF No. 480)

Presently before me is Defendants' Motion for Costs (ECF No. 480), which was referred by the Honorable Aileen M. Cannon for a report and recommendation. ECF No. 482. The initial trial in this lawsuit resulted in a defense verdict, but on appeal, the judgment was reversed by the Eleventh Circuit. ECF No. 272. The matter was retried and on July 27, 2022, final judgment was again entered in Defendants' favor in accordance with the jury's verdict. ECF No. 467. As the prevailing party, Defendants seek reimbursement of $14,983.72 in costs and have attached invoices supporting this request. Plaintiff has not filed a response to the motion and the time for doing so has expired.

1

## **DISCUSSION**

Under the Federal Rules, prevailing parties are entitled to recover costs as a matter of course unless otherwise directed by the court or statute. *See* Fed. R. Civ. P. 54(d)(1). Rule 54(d) creates a presumption in favor of awarding costs to the prevailing party. *See Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991). Here, given that Defendants prevailed at the first and second trials, they are entitled to recover their costs for both. *See Rosenfeld v. Oceania Cruises*, No. 08-22174-CIV, 2014 WL 12683361, at *2 (S.D. Fla. Mar. 18, 2014) (citing *Vigortone Ag Products, Inc. v. PM Ag Products, Inc.*, 2004 WL 1899882, * 9 (N.D. Ill. 2004)).

Courts may only tax costs as authorized by statute. *See EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)). "Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." *Crawford Fitting Co.*, 482 U.S. at 441-442. This section provides in part,

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Here, although Plaintiff has not lodged any specific objections to the amount of costs sought, in assessing whether they are taxable under § 1920, the Court has an independent obligation to ensure that the costs awarded are proper. *See Valley v. Ocean Sky Limo*, 82 F. Supp. 3d 1321, 1325 (S.D. Fla. 2015) (J. Rosenberg) ("[T]he Court has an independent obligation to review . . . bills of costs to independently determine whether . . . the costs sought to be taxed are properly taxable pursuant to the cost statute."). Therefore, I will conduct an independent assessment of the costs sought.

### 1. Clerk of Court and Process Server Fees

Defendants seek recovery of the $400.00 filing fee to remove this lawsuit to federal court, as well as $505.00 in process server fees. Fees paid to the Clerk of the Court are specifically provided for in the statute and therefore, this $400.00 cost should be reimbursed. *See James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645, 652 (S.D. Fla. 2007).

With regard to the fees for service of subpoenas, Defendants' itemized list (ECF No. 480-1 at 1-2) shows that the cost for serving the subpoenas ranged between $40-$65. It is well settled that private process server fees may be taxed pursuant to Section 1920. *E.E.O.C. v. W & O, Inc.*, 213 F.3d at 624. Such costs are normally limited to $65.00, the standard hourly rate that the U.S. Marshal's Service charges for service of process. *Khoury v. Miami-Dade Cty. Sch. Bd.*, No. 16-20680-CIV, 2018 WL 7150192, at *3 (S.D. Fla. Nov. 28, 2018) (citing *Emery v. Allied Pilots Assoc.*, No. 14-80518-CIV, 2017 WL 5175617, at *3 (S.D. Fla. May 18, 2017)). Given that the cost

for serving the subpoenas is within the allowable rates, I find that Defendants should recover $505.00 for service of process.

2. **Witness Fees**

Defendants seek $1,622.05 in witness fees for 36 individuals. Pursuant to § 1821, a trial witness can only be paid "$40 per day for each day's attendance." 28 U.S.C. § 1821(b). Defendants' itemized list indicates, without explanation, that some witnesses were paid more than this amount. Defendants have not shown why they are entitled to reimbursement beyond the statutory $40 payment, and therefore, Defendants' recovery for witness fees should limited to $1,440.00. *See Kleiman v. Wright*, No. 18-80176-CV, 2022 WL 982442, at *3 (S.D. Fla. Mar. 14, 2022), report and recommendation adopted, No. 18-CV-80176, 2022 WL 951290 (S.D. Fla. Mar. 30, 2022)).

3. **Transcripts**

Printed transcripts and the stenographer's attendance fee for necessarily obtained transcripts are taxable. *Whittier v. City of Sunrise*, 2008 WL 5765868, *5 (S.D. Fla. Dec. 3, 2008) (finding that under § 1920, the transcript and attendance fee of the court reporter are recoverable); *George v. Florida Dept. of Corrections*, 2008 WL 2571348, *6 (S.D. Fla. May 23, 2008).

Nevertheless, prevailing parties often submit invoices for deposition transcripts that include extra fees for items that are not generally recoverable, including shipping, exhibits, expedited copies, and condensed transcripts. *See George*, 2008 WL 2571348, *6 (finding expedited and condensed transcripts not

recoverable where claimant was unable to prove necessity, rather than mere convenience); *Suarez v. Tremont Towing, Inc.*, 2008 WL 2955123, *3 (S.D. Fla. Aug. 1, 2008) (declining reimbursement for delivery charges or charges for exhibits).

Similarly, "in order for a video deposition to be taxable the prevailing party must show why it was necessary to have both a video deposition and a transcribed deposition for use in the case." *George*, 2008 WL 2571348, at *7. Courts also decline to award costs for extra copies of transcripts where the necessity of the expense is not explained. *See Attea v. Univ. of Miami Miller Sch. of Med.*, No. 12-23933-CIV, 2015 WL 5921853, at *5 (S.D. Fla. Aug. 25, 2015) (defendants failed to explain why additional copies of five transcripts were necessary so court reduced transcript costs by one half) report and recommendation adopted, No. 12-23933-CIV, 2015 WL 5934607 (S.D. Fla. Sept. 11, 2015).

Here, Defendants seek $10,491.92 for transcript expenses. Defendants deducted fees for expedited service and shipping costs, but seek reimbursement on charges for DVD's, video services, exhibits, and extra copies. Defendants do not explain why these extra charges were necessary. Accordingly, they should be denied. Having reviewed the invoices for the transcript charges (ECF No. 480-2) and deducting the unnecessary charges, I find that Defendants are entitled to recover $6,206.18.

### 4. Printing

Defendants seeks $1,233.50 in printing costs, however the two invoices attached to Defendants' motion total $1,608.07. One invoice for $95.00 appears to be

for medical records and the other invoice for $1,513.07 includes a hand-written notation: "trial exhibits." The invoice for the purported trial exhibits indicates a charge for 1,966 black and white copies at $0.13 per page, 1035 color copies at $1.10 per page, and a $20 delivery charge.

I find that the medical records and black and white copies of trial exhibits are reasonable and should be reimbursed. *See Gorczyca v. MSC Cruises, S.A.*, No. 15-61734-CIV, 2016 WL 10879388, at *3 (S.D. Fla. Dec. 15, 2016) (awarding costs for medical records and copies, finding rate of $0.10 per page is reasonable). However, Defendants have not explained why so many color copies or the delivery charge were necessary. I recommend that the delivery charge be deducted and that the cost of the color copies be reduced to that of regular black and white copies. Accordingly, Defendants should be awarded $485.13 in printing costs.

**5.  Mediation**

Finally, Defendants seek reimbursement of $731.25 for the cost of mediation, however, § 1920 does not explicitly provide for the recovery of mediation costs, and therefore, it should be denied. *See Quintero v. Publix Super Markets, Inc.*, No. 18-21615-CIV, 2020 WL 4561590, at *3 (S.D. Fla. Apr. 15, 2020) (mediation costs are not taxable under § 1920), report and recommendation adopted, No. 1:18-CV-21615, 2020 WL 4561598 (S.D. Fla. May 27, 2020); *Evans v. St. Lucie Cnty. Sch. Dist.*, No. 17-14450-CV, 2019 WL 8759421, at *3 (S.D. Fla. Aug. 29, 2019), report and recommendation adopted, No. 2:17-CV-14450, 2019 WL 8759420 (S.D. Fla. Sept. 13,

2019); *Panico v. Ygsl Holdings LLC*, No. 12-61269-CIV, 2013 WL 12092116, at *1 (S.D. Fla. Apr. 5, 2013).

## RECOMMENDATION

Based on the foregoing, I **RECOMMEND** that Defendants' Motion for Costs (ECF No. 480) be **GRANTED IN PART AND DENIED IN PART** in that Defendants be awarded costs as follows:

| | |
|---|---|
| Clerk of the Court Filing Fee: | $400.00 |
| Service of Process: | $505.00 |
| Witness Fees: | $1,440.00 |
| Transcripts: | $6,206.18 |
| Printing: | <u>$485.13</u> |
| Total: | $9,036.31 |

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Aileen M. Cannon, United States District Court Judge for the Southern District of Florida, within fourteen (14) days of being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1) (providing that "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."); s*ee also* Fed. R. Civ. P. 72(b) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."). Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the

district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**DONE and SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 12th day of October, 2022.

_____
BRUCE REINHART
United States Magistrate Judge